336 So.2d 1069 (1976)
Maxie P. GAGNARD
v.
Ernest C. THIBODEAUX et al.
No. 7361.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1976.
*1070 Steven R. Plotkin and James C. Azcona, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stewart E. Niles, Jr., New Orleans; for defendants-appellees.
Before SAMUEL, LEMMON and STOULIG, JJ.
SAMUEL, Judge.
Plaintiff, a policeman, was injured in the course of his employment by the City of New Orleans when the police car he was driving, an automobile owned by the city, was rear ended by a vehicle driven by Ernest C. Thibodeaux, an uninsured motorist. He sued the city and its compensation insurer[1] for workmen's compensation benefits and Thibodeaux for personal injuries. Subsequently, the city and its compensation insurer were dismissed from the suit for all claims other than workmen's compensation. Plaintiff then amended his petition by naming The Travelers Insurance Company, his own automobile liability insurer, a defendant under the uninsured motorist provisions of his policy.
Plaintiff appeals from a judgment dismissing Travelers Insurance on the latter's exception of no cause of action and motion for summary judgment. The judgment is based on a finding that plaintiff's policy excludes uninsured motorist coverage under the following provisions contained in "Definitions" and "Exclusions" in "Part IIIProtection Against Uninsured Motorists":
1. "`insured automobile' means
(d) a non-owned automobile while being operated by the named insured; and the term `insured automobile' includes a trailer . . ., but shall not include:
(2)any automobile while being used as a public or livery conveyance" (emphasisours) and
2. "This policy does not apply under Part III:
(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law." (emphasis ours).
We are of the opinion that the words we have emphasized in the above quoted (d)(2) do not lead to a conclusion, as contended by the defendant that the police car in suit is not included as an "insured automobile". Our conclusion is to the contrary. As we understand the words used, a police car is not a "public conveyance". Especially in view of the word "livery" (which is defined as "The hiring out of horses and carriages"[2] or "a concern offering vehicles of any of various kinds for rent"[3]), the other adjective modifying "conveyance", the police car was not a "public conveyance" such as a public bus, taxicab or streetcar, which transport the public for a consideration. A police car is not a vehicle for hire nor does it transport the public for a consideration. The emphasized policy *1071 words are at least sufficiently unclear or ambiguous as to be construed against the writer of the policy, the insurer.[4]
Finally, as the policy limit of liability, each person, is $5,000, we are of the opinion the second provision, the exclusion relative to workmen's compensation benefits, is invalid because that provision violates the pertinent statute[5] by reducing the policy limits below the required minimum. In Williams v. Buckelew, La.App., 246 So.2d 58 (on rehearing), the Second Circuit came to this conclusion in connection with a provision similar to the one in suit. We agree with that conclusion and the stated reasons therefor.
For the reasons assigned, the judgment appealed from is reversed, the exceptions of no right or cause of action are overruled, the motion for summary judgment is denied, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by the appellee, The Travelers Insurance Company; all other costs are to await a final disposition.
REVERSED AND REMANDED.
NOTES
[1] Travelers Indemnity Company, erroneously originally named as Travelers Insurance Company.
[2] The American Heritage Dictionary of the English Language.
[3] Webster's Third New International Dictionary.
[4] Thus, we do not reach a consideration of the issue decided in Powell v. Allstate Insurance Company, La.App., 233 So.2d 38, that a policy provision excluding a municipally owned vehicle from uninsured motorist coverage is not sanctioned by the pertinent statute.
[5] LSA-R.S. 22:1406(D)(1).