398 So.2d 22 (1981)
Johnnie D. POWELL, Emma D. Cline, Christine Williams, and A. Ruth McClinton
v.
Pamela WARNER, Allstate Ins. Co., Mississippi Farm Bureau Mut. Ins. Co., Commercial Union Ins. Co., and Resolute Ins. Co.
No. 11468.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Rehearing Denied May 15, 1981.
Robert O. Homes, Jr., Metairie, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr. and Daniel R. Hynes, Wiedemann & Fransen, C. Scott Carter, New Orleans, for defendant-appellee.
Before SAMUEL, BARRY and SARTAIN, JJ.
BARRY, Judge.
Plaintiffs sued Pamela Warner and her insurer, Allstate Insurance Company, for damages as a result of a rear end collision which occurred in Metairie, Louisiana. Joined as additional defendants were Commercial Union Insurance Company and Mississippi Farm Bureau Insurance Company under policies held by two of the plaintiffs which provided uninsured coverage.
Plaintiffs compromised their claims against Warner and Allstate for policy limits and executed a restricted motion to dismiss them as defendants. Commercial Union and Mississippi Farm are the remaining defendants and each filed motions for summary judgment which were granted. Plaintiffs appeal urging that Louisiana law should apply to this case because of the totality of contacts within Louisiana.
Plaintiff Johnnie Powell was the owner and the other three plaintiffs were guest *23 passengers in the Powell vehicle. Mississippi Farm and Commercial Union were sued in contract as uninsured carriers under policies issued to plaintiffs Powell and the father of a co-plaintiff.
All four plaintiffs were residents of Mississippi. Defendant, Mississippi Farm, is a Mississippi corporation whose policy was issued under the provisions of Mississippi law to a Mississippi resident (Powell) on his vehicle which was registered and garaged in Mississippi.
Defendant Commercial Union's policy was issued in and by a Mississippi agency under the provisions of Mississippi law to a Mississippi resident (Williams) covering his vehicle which was registered and garaged in Mississippi.
Plaintiffs filed suit in Jefferson Parish as the site of the accident and on the additional basis that Pamela Warner, the dismissed defendant, was an alleged resident of Louisiana. The record shows that Warner, 20 years old at the time of the accident in 1974, had been living with her parents in Vicksburg, Mississippi since 1968. One month prior to the accident Warner began living with her aunt in Metairie during which time her Mississippi driver's license expired and she obtained a Louisiana license. Pamela's car was bought and registered in Vicksburg, Mississippi where she also purchased her Allstate coverage. Two weeks after the accident Pamela returned to Mississippi.
For years Louisiana followed the reasoning of Johnson v. St. Paul Mercury, 256 La. 289, 236 So.2d 216 (1970) in which an accident involving Louisiana residents occurred in another state and that state's law was applied in our courts. The effect of Johnson was utilization of the lex loci delicti rule.
This rule was explicitly overruled in Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973) wherein our Supreme Court applied Louisiana law to a suit which arose out of an accident in Mississippi between two Louisiana domiciliaries. The Court interpreted the facts in Jagers as presenting a "false conflict", i. e., a situation that arises when one state has an interest in the application of its law and the other state has no interest in the application of its law.
Plaintiffs seek jurisdiction in Louisiana because Mississippi has no statutory provision for underinsured coverage. As noted above, the former defendant Warner had insurance which paid policy limits to plaintiffs. Mississippi has an uninsured motorist statute, Codes, Article III, Sections 83-11-101, et seq., under which "uninsured motor vehicle" is defined:
"... a motor vehicle as to which there is (1) no bodily injury liability insurance, or bodily injury liability insurance with limits less than the amounts specified in Section 83-11-101, but it will be considered uninsured only for that amount between the limit carried and limit required in Section 83-11-101.
There is no provision or requirement in this or any other Mississippi statute for "underinsurance" as we know it in LSA-R.S. 22:1406.
Appellant relies upon the Second Circuit holding in Sutton v. Langley, 330 So.2d 321 (La.App. 2nd Cir. 1976). There the parties were Texas residents and the accident happened in Louisiana.[1] The defendant uninsured motorist was found at fault and the court applied Louisiana law to plaintiff's uninsured coverage because "... the interests of Louisiana outweigh the interests of the foreign state ..." (P. 327). The award in Sutton was rationalized as Louisiana's way of protecting persons on its highways from damage by uninsured motorists and as a means of regulating awards to victims.
Here plaintiffs had the protection afforded by Warner's Allstate policy, however nominal in amount. Warner's policy conformed with Mississippi law and exceeded the minimum Louisiana statutory requirement.[2]
*24 Plaintiffs are not seeking uninsured coverage, as in Sutton, but rather ask that underinsured limits be created and judicially added to the policies which they purchased.
Lex loci delicti no longer governs, and we find no basis to consider a "false conflict" as in Jagers, supra, nor was the alleged tort-feasor uninsured as in Sutton, supra. Further, the "interest analysis" is not applicable since we are not confronted with a choice of law under Restatement 2nd, Conflict of Laws, Sec. 6.
Louisiana has provided statutorily for resolution of appellants' position. LSA-C.C. Art. 10 states:
The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
* * * * * *
Plaintiffs cannot invoke the uninsured provisions of their policies to add the underinsured provisions of Louisiana law. The pleadings and record present no question of material fact and the motions for summary judgment by Commercial Union and Mississippi Farm were properly granted.
Accordingly, the judgment of the District Court is affirmed with all costs of this appeal to be paid by plaintiffs.
AFFIRMED.
NOTES
[1] In Texas the guest passenger statute requires intentional fault or gross negligence for recovery, and "stacking" of uninsured coverage is not permitted.
[2] Mississippi uninsured policy minimums are $10,000/20,000; Louisiana minimums are $5,000/10,000.