442 So.2d 875 (1983)
Gerald P. RICHARD, in his Capacity as Natural Tutor of the Minor, Darrin P. Richard, Plaintiff-Appellant,
v.
BEACON NATIONAL INSURANCE COMPANY, Defendant-Appellee.
No. 83-273.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Baggett, McCall & Ranier, William Baggett, Jr., Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford, Lake Charles, for defendant-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
DOUCET, Judge.
Plaintiff-appellant, Gerald P. Richard, in his capacity as natural tutor of the minor, Darrin P. Richard, seeks to obtain underinsured motorist insurance coverage under LSA R.S. 22:1406(D) from his insurer, Beacon National Insurance Company, defendant-appellee. The trial court denied the coverage finding that Texas insurance laws applied to the policy. Richard appeals. We affirm. We find that the insurance contract was passed and executed in Texas; therefore, Texas law is applicable under LSA C.C. Art. 10.
The issue on appeal is whether or not the trial court erred in applying the laws of Texas in its interpretation of the insurance policy.
The accident giving rise to this litigation occurred on April 16, 1981, in Calcasieu Parish, Louisiana. Darrin P. Richard (a Texas resident) was a passenger on a motorcycle operated by Danny S. Stephens (a Louisiana resident), owned by George Guidry (a Louisiana resident) and insured by Dairyland Insurance Company. The motorcycle collided with an automobile driven by John H. Laurie (a Louisiana resident) and insured by State Farm Mutual Automobile Insurance Company.
Prior to trial, Richard settled his claims against the tortfeasor in this case and released him in full. All insurance companies except the insurance company involved in this particular issue paid up to their limits.
Richard filed suit against Beacon National Insurance Company, a Texas corporation, to recover the amount of Ten Thousand and no/100 ($10,000.00) Dollars, the uninsured motorists limits. There is no underinsured motorists coverage provided by Beacon and no premiums were charged for this particular coverage.
Under Texas law, where the limits of liability of a tortfeasor are equal to those of the uninsured motorists coverage *876 provided by the policy, then there is no "underinsured status" and therefore the uninsured motorist carrier would have no liability. On the other hand, Louisiana treats uninsured motorists coverage as excess where the amount of damages are above those of the liability and/or primary uninsured motorists carrier. LSA R.S. 22:1406.
The trial court held that Texas law should be applied to the interpretation of an insurance policy issued by a Texas insurance company to a Texas resident when the accident occurred in Louisiana. The trial court based its holding upon the provisions of LSA C.C. Art. 10, the Supreme Court decision of Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972), and Powell v. Warner, 398 So.2d 22 (La.App. 4th Cir. 1981).
It is Richard's contention that the case of Sutton v. Langley, 330 So.2d 321 (La.App. 2nd Cir.1976) and this Court's recent decision in Champion v. Panel Era Mfg. Co. v. Kaiser Aluminum & Chemical Corp., 410 So.2d 1230 (La.App. 3rd Cir.1982) provide the applicable interpretation of the law. We disagree.
Louisiana has provided statutorily for the resolution of this particular issue. Louisiana Statutes Annotated C.C. Article 10 states:
"The form and effect of public and private written instruments are governed by the laws and usages of the place where they are passed or executed."
Beacon's policy was issued in and by a Texas agency under the provisions of Texas law to a Texas resident (Richard) covering his vehicle which was registered in Texas.
Where the insurer issues an uninsured motorist policy in Texas for delivery in Texas to a Texas resident to insure an automobile registered and principally garaged in Texas. Louisiana underinsured coverage provisions do not impute coverage to the Texas policy where it did not include said coverage. Abel v. White, 430 So.2d 202 (La.App. 4th Cir.1983).
We find that the insurance contract was passed and executed in Texas; therefore, Texas law is applicable under LSA C.C. Art. 10.
In Powell v. Warner, supra, the court distinguished Sutton v. Langley, supra. In Powell, supra, the court stated:
"Plaintiffs are not seeking uninsured coverage as in Sutton, but rather ask that underinsured limits be created and judicially added to the policies which they purchased."
Our case is similar in that the policy executed in Texas does not provide for underinsured coverage and no premiums were charged for this type of coverage. As in Powell, supra, we conclude that Richard cannot invoke the uninsured provision of his policy to add underinsured provisions of Louisiana law.
For the above and aforegoing reasons, the judgment of the trial court is affirmed at the cost of plaintiff-appellant, Gerald P. Richard, in his capacity as natural tutor of the minor, Darrin P. Richard.
AFFIRMED.