461 So.2d 1051 (1985)
Donna Bates SNIDER
v.
Gloria M. MURRAY, Kemper Insurance Companies and State Farm Insurance.
No. 84-C-0797.
Supreme Court of Louisiana.
January 14, 1985.
Julie Mobley Lafargue, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendant-applicant.
Roland J. Achee, Nelson & Achee, Ltd., Shreveport, Herman L. Lawson, Mansfield, Edward Chevallier, Self & Burkett, Many, for respondents.
LEMMON, Justice.
We granted certiorari to resolve a conflict in the circuits concerning the application of Louisiana law on underinsured motorist coverage to an insurance policy which was issued and delivered in another state covering a vehicle registered or principally garaged at the time in that state, when the named insured under the policy moved to Louisiana after issuance of the policy and was involved in an accident with an underinsured motorist in this state.
The policy holder in this case was Jerry Snider, who was killed in an automobile *1052 accident in Louisiana on July 28, 1979. In separate wrongful death actions, his widow and his children from a previous marriage sued the alleged tortfeasor and her liability insurer, as well as Snider's uninsured motorist carrier. Prior to trial, plaintiffs settled with the tortfeasor and her liability insurer for the policy limits of $10,000. The case then proceeded to trial against Snider's uninsured motorist carrier, who stipulated that the released tortfeasor was solely liable for the accident.
The evidence established that the policy containing the uninsured motorist coverage in dispute was issued and delivered in Texas by a Texas agent to Snider, who was domiciled in Texas at that time. The policy listed a vehicle which was then principally garaged in Texas. Snider moved to Louisiana on May 4, 1979, and he and his wife and children were domiciled here when the accident occurred, as was the tortfeasor who caused the accident. The contract provided uninsured and underinsured motorist coverage with limits of $10,000, but contained the following limiting provision:
"(c) Any amount payable under the terms of this insurance because of bodily injury or property damage sustained in an occurrence by a person who is an insured shall be reduced by:
* * * * * *
"(2) the amount recovered or recoverable from the insurer of an underinsured motor vehicle." (Emphasis supplied.)
Because plaintiffs had recovered $10,000 from the insurer of the underinsured motorist, application of the above policy provision would reduce the policy's underinsured motorist coverage to zero. On the other hand, La.R.S. 22:1406 D(1), if applicable, requires underinsured motorist coverage at least equal to the limits of bodily injury coverage and would permit recovery of an additional $10,000.[1]
The trial court declined to apply the policy limitation and rendered judgment in favor of plaintiffs against Snider's uninsured motorist insurer. The insurer appealed, arguing that excess recovery was clearly precluded under the Texas policy. The court of appeal affirmed, reasoning that Louisiana law applied under an "interest analysis" theory because Louisiana's interest outweighed that of Texas. The court went on to hold that Louisiana law would permit excess recovery under the policy. 448 So.2d 1383. We granted certiorari to resolve the conflict between this decision and that of other circuits on the same question of law. 453 So.2d 57.
On similar facts in cases involving almost identical policies, the Third and Fourth Circuits have reached results different from the one in the present case, concluding that La.R.S. 22:1406 D(1) does not purport to affect policies written and delivered in other states covering vehicles garaged or registered elsewhere. See Abel v. White, 430 So.2d 202 (La.App. 4th Cir.1983) and Richard v. Beacon National Ins. Co., 442 So.2d 875 (La.App. 3rd Cir.1983). Analyzing the relevant statute in the Abel case, the Fourth Circuit reasoned as follows:
"La.R.S. 22:1406 D(1) (as amended by Acts 1974 No. 154) was the pertinent *1053 Louisiana law. It provided that no automobile policy `shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state ...' unless the policy provided uninsured and underinsured motorist coverage `in not less than the limits of bodily injury liability provided...' (unless the insured waives that coverage in writing). The Louisiana statute therefore does not purport to affect plaintiff's policy, delivered in Texas to insure an automobile registered and garaged in Texas.
* * * * * *
"It was not the courts' `interpretation' [of uninsured motorist coverage in a policy] that introduced underinsured motorist insurance in Louisiana; it was the legislature's enactment of La.Acts 1972 No. 137 and Acts 1974 No. 154 amending R.S. 22:1406 D. That statute, as we have pointed out, expressly applies to policies delivered in Louisiana to insure vehicles registered or garaged in Louisiana. The statute does not purport to apply to policies delivered elsewhere to insure vehicles registered and garaged elsewhere. The correct result is therefore that of Powell v. Warner, 398 So.2d 22 (La.App. 4th Cir.1981): `uninsured' motorist coverage in an insurance policy that was not governed by Louisiana law when issued does not become `underinsured' motorist coverage because the insured is present in Louisiana when an accident occurs.
"It may be more evident that a valid out-of-state contract that does not provide uninsured motorist coverage cannot in Louisiana be `interpreted' to include that coverage and is not by La.R.S. 22:1406 D obliged to provide that coverage merely because the insured visits or moves to Louisiana. The principle is the same with underinsured motorist coverage; an out-of-state policy that does not provide that coverage is not by La.R.S. 22:1406 D amended to provide that coverage upon the insured's visiting Louisiana and cannot, under the Louisiana jurisprudence, be `interpreted' to provide it (through `uninsured' motorist coverage).
"Whether or not the choice of law rule derivable from C.C. 10, 2d para., would allow Louisiana law to impose uninsured and underinsured motorist coverage upon out-of-state insurance policies, Louisiana law does not do so." 430 So.2d at 205-06.[2]
We agree with the Abel decision. Perhaps Louisiana law applies in this litigation, as the Second Circuit concluded, because the accident happened in Louisiana where both Snider and the tortfeasor were then domiciled. However, even if Louisiana law is the choice of laws to be applied, the only Louisiana law which requires underinsured motorist coverage in the amount of the bodily injury liability limits is La.R.S. 22:1406 D(1), and that statute by its express terms purports to affect only an automobile policy "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state". There is no dispute that the policy in the present case was neither "delivered" nor "issued for delivery" in this state. Therefore, plaintiffs cannot avail themselves of La.R.S. 22:1406 D(1) to impose that statute's underinsured motorist requirements upon the policy issued in Texas for delivery in Texas to a Texas resident.[3] Perhaps the Legislature could have enacted a law which under modern conflict of laws theories would affect insurance policies written in other states *1054 when the accident occurs in Louisiana, but the Legislature did not include such a provision in La.R.S. 22:1406 D(1).[4]
For the above reasons, the judgment of the court of appeal is reversed as to State Farm Mutual Automobile Insurance Company, and plaintiffs' suit against that defendant is dismissed.
DIXON, C.J., and DENNIS, J., dissents.
NOTES
[1] La.R.S. 22:1406 D(1) provides in pertinent part:

"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
"(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits."
[2] This accident occurred after the 1977 amendment to La.R.S. 22:1406 D(1). However, the 1977 amendment merely provided that applications for uninsured motorist coverage become a part of the policy. The substance of the statute remained unchanged as to the issue in this case.
[3] Plaintiffs argue that Section 1406 D(1) should apply because Snider's car was garaged in this state at the time of the accident. However, Section 1406 D(1) clearly makes delivery or issuance for delivery in Louisiana the critical criteria, and the phrase "with respect to any motor vehicle registered or principally garaged in this state" is a limiting term to the requirement of delivery or issuance for delivery in this state.
[4] La.R.S. 22:1406 D(1) may be contrasted to the Direct Action Statute, La.R.S. 22:655, which confers a right of direct action against an insurer on an insurance policy (1) when the policy was issued or delivered in Louisiana or (2) when the accident or injury occurred in Louisiana "whether the policy of insurance sued upon was written or delivered within the State of Louisiana or not". La.R.S. 22:1406 D(1) by its terms does not apply unless the policy was delivered or issued for delivery in this state, regardless of where the accident occurred.