467 So.2d 35 (1985)
Jules MONNIER, Jr.
v.
Loretta LAWRENCE, Patricia Miller, Liberty Mutual Insurance Company and Government Employees Insurance Company.
No. CA-2552.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied April 26, 1985.
Writ Denied June 17, 1985.
Robert B. Nolan, Edward F. Downing, III, New Orleans, for appellee.
Carmelite M. Bertaut, New Orleans, for appellant.
Before GULOTTA, SCHOTT and KLEES, JJ.
GULOTTA, Judge.
Government Employees Insurance Company (GEICO), plaintiff's uninsured motorist carrier, appeals from a summary judgment in favor of plaintiff in the sum of $15,000.00.
On August 2, 1982, while in the course of his employment with Hewlett-Packard Company, Jules Monnier was involved in an automobile accident with a third party. As a result of the accident, medical expenses in the amount of $15,000.00 were incurred and paid by the worker's compensation carrier. Plaintiff seeks recovery in this suit against his own uninsured motorist insurer (GEICO) for the $15,000.00 medical expenses paid by the worker's compensation carrier.
A motion for summary judgment filed by GEICO was dismissed; however, plaintiff's *36 motion for summary judgment was granted.
GEICO claims the trial judge erred in failing to apply the following UM policy provisions:
"The amount payable under this Coverage will be reduced by all amounts:
(c) paid or payable under any workman's compensation law, disability benefits law or any similar law."
Defendant argues that the GEICO policy is a contract between the parties, not in contravention of public policy, and is therefore enforceable. According to GEICO, if the tort-feasor had been fully insured, plaintiff would not have collected his medical expenses from that party but rather those expenses would have been reimbursed to Monnier's worker's compensation insurer. GEICO further argues that if plaintiff is allowed to recover the medical expenses under the uninsured motorist provision, he would receive double recovery.
LSA-R.S. 22:1406(D)(1)(a) provides:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits".
It is a settled rule that in the absence of conflict with statutory provisions or public policy, insurers have the right to limit liability and impose conditions or restrictions under the policy. Fruge v. First Continental Life & Acc. Ins., 430 So.2d 1072 (La.App. 4th Cir.1983). However, where a limitation written into the policy is contrary to the affirmative legislative declaration establishing minimum limits of coverage in uninsured motorist policies, such limitations cannot be given effect. Landry v. State Farm Mutual Automobile Insurance Co., 320 So.2d 254, 260 (La.App. 3rd Cir.1975).
Our courts have uniformly allowed recovery in cases similar to the instant case. See Gagnard v. Thibodeaux, 336 So.2d 1069 (La.App. 4th Cir.1976); Landry, supra; Williams v. Buckelew, 246 So.2d 58 (La.App. 2nd Cir.1970); Hebert v. Ordoyne, 388 So.2d 407 (La.App. 1st Cir.1980); Brown v. Southern Farm Bureau Ins. Co., 426 So.2d 684 (La.App. 1st Cir.1982).
In the Williams case, our brothers on the Second Circuit found invalid an uninsured motorist reduction or credit clause (similar to the provisions in our case) because it reduced the limits of the policy below the then statutorily mandated amount.[1] Despite the change in the statute from an earlier requirement for UM coverage in an amount not less than the financial responsibility act limit to an amount not less than the liability coverage, we are in agreement with the holdings in Williams and Landry. We conclude, therefore, that these holdings together with our holding in Gagnard are dispositive of the issue in the instant case. Accordingly, we conclude that a policy provision that reduces the amount of UM recovery below the liability coverage is unenforceable and plaintiff is entitled to recover from his UM carrier the medical expenses incurred.
Our holding is consistent with the "collateral source rule" which will not permit a *37 party's recovery to be diminished by insurance benefits received by the party from a source independent of the tortfeasor. See Weir v. Gasper, 459 So.2d 655 (La.App. 4th Cir.1984); Hudson v. Thompson, 422 So.2d 640 (La.App. 3rd Cir.1982).
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
SCHOTT, J., concurs.
SCHOTT, Judge, concurring:
We are bound by the decision of this court in Gagnard v. Thibodeaux, 336 So.2d 1069 (La.App. 4th Cir.1976) in which an uninsured motorist (UM) provision similar to the one at issue in this case was declared invalid. The distinctions sought to be drawn between the cases are not genuine.
Under the then prevailing version of R.S. 22:1406(D)(1) UM coverage was mandated "in not less than the limits described in the Motor Vehicle Safety Responsibility Law" which was $5,000. Under the present provisions of R.S. 22:1406(D)(1) the mandatory coverage is "in not less than the limits of bodily injury liability provided by the policy" which GEICO says in brief is $100,000. In Gagnard the court simply stated that the disputed provision was violative of the statute because it reduced the policy limits below the required minimum. The same must necessarily be said in the instant case. GEICO argues that the damages in the present case are less than the limits (although the record is unclear on this point), but Gagnard contains no indication that its damages were likewise below $5,000 either.
Although the result is clear in this case because of Gagnard either this court en banc or the Supreme Court should consider overruling the case in order to eliminate some unsatisfactory and unjustifiable consequences.
First, the plaintiff profits from the fact that the tort-feasor is uninsured. If he were insured the worker's compensation insurer could intervene in the suit to enforce subrogation and plaintiff would not collect the medical expenses from the tortfeasor.
Second, plaintiff makes an unwarranted double recovery which cannot be justified by the collateral source rule. The theory of this rule is that a tort-feasor should not get credit for payments to the victim which he paid for in the form of insurance premiums or otherwise. However, it seems logical that the reduction of recovery against the UM insurer by the amount the insured collects from the worker's compensation carrier is reflected in the rate structure for UM coverage. If this credit has no validity a corresponding increase in rates for UM coverage is warranted. In effect the plaintiff now makes a recovery which he neither bargained nor paid for.
In the final analysis this disputed policy provision is not in conflict with the law or public policy, and it should be given effect by the courts.
NOTES
[1] LSA-R.S. 22:1406(D)(1) provided at the time the Williams case was decided that coverage must be afforded in an amount "... not less than the limits described in the Motor Vehicle Safety Responsibility Law...."