469 So.2d 1221 (1985)
Misha Ann COBB
v.
Kevin Patrick BURKE, et al.
No. 84 CA 0367.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Andrew Jack Bennett, Jr., Baton Rouge, and F.L. Morris, Metairie, for plaintiff-appellant, Misha Ann Cobb.
Horace C. Lane, Baton Rouge, for defendant-appellant, State Farm Mutual Automobile Ins. Co.
Gracella Simmons, Baton Rouge, for defendant-appellee, Continental Ins. Co.
Peter T. Dazzio, Baton Rouge, for defendant-appellee, Board of Supervisors of Louisiana State University & Agricultural & Mechanical College & Continental Ins. Co.
Nathan Greenberg, Gretna, for defendant-appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Misha Ann Cobb (plaintiff) sued Kevin Patrick Burke, Continental Insurance Company (his liability insurer), and Louisiana State University in Baton Rouge for damages she incurred when struck by a vehicle driven by Burke. The accident occurred on April 27, 1980, while plaintiff, a student at L.S.U., was sitting on one of the "Indian Mounds," a common area at L.S.U. consisting *1222 of two small (30') grassy hills frequented by students on foot. As plaintiff sat atop one of the hills with a date in the early morning hours, Burke, unaware of the couple's presence, drove his truck over the top of the hill on which they sat. The truck struck plaintiff and dragged her approximately 98 feet. She suffered serious injuries.
At the time of the accident, State Farm Mutual Automobile Insurance Company (State Farm) had issued two policies[1] of automobile liability insurance to plaintiff's father, each providing uninsured motorist coverage of $10,000.00. Plaintiff amended her petition to seek recovery from State Farm for "damages to her resulting from an uninsured or underinsured operator of a motor vehicle."
At trial on the merits, judgment was rendered in favor of plaintiff against Burke and Continental Insurance Company for $36,819.00 (subject to Continental's $10,000.00 policy limits) and in favor of L.S.U. dismissing plaintiff's claims against it. Judgment was also rendered in favor of plaintiff against State Farm for $10,000.00 underinsured motorist coverage. State Farm appeals from that part of the judgment.
Both of the State Farm policies limit the insurer's uninsured motorist coverage to that which exceeds any recovery made by plaintiff from the liable party or its insurer. Furthermore, the policies in question were both issued to plaintiff's father, an Alabama domiciliary, in Alabama on vehicles which were to be principally garaged in Alabama. The parties agreed that Alabama law does not provide for underinsured motorist coverage as does Louisiana law. The trial court applied an "interest analysis" to the conflict of laws question and determined that Louisiana law should be applied. It read Louisiana's Uninsured/Underinsured statute, LSA-R.S. 22:1406 D(1), as "not provid[ing] that it shall apply solely to policies delivered or issued for delivery in Louisiana to the exclusion of [policies written and delivered elsewhere]." The court reasoned, therefore, that LSA-R.S. 22:1406 does apply to impose underinsured coverage upon a foreign policy's uninsured motorist provisions, and awarded plaintiff $10,000.00, the uninsured motorist policy limits.
Although the issue of the effect of LSA-R.S. 22:1406 upon out-of-state policies was open to debate at the time of this trial, our Supreme Court has recently and definitely settled the issue. In Snider v. Murray, 461 So.2d 1051 (La.1985), the court was faced with a very similar factual situation.[2]
*1223 It found itself in agreement with the Fourth Circuit's opinion in Abel v. White, 430 So.2d 202, 205 (La.App. 4th Cir.1983), wherein that court found:
The statute does not purport to apply to policies delivered elsewhere to insure vehicles registered and garaged elsewhere. The correct result is therefore that ... "uninsured" motorist coverage in an insurance policy that was not governed by Louisiana law when issued does not become "underinsured" motorist coverage because the insured is present in Louisiana when an accident occurs.
The court in Snider concluded:
[E]ven if Louisiana law is the choice of laws to be applied, the only Louisiana law which requires underinsured motorist coverage in the amount of the bodily injury liability limits is La.R.S. 22:1406 D(1), and that statute by its express terms purports to affect only an automobile policy "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state." There is no dispute that the policy in the present case was neither "delivered" nor "issued for delivery" in this state. Therefore, plaintiffs cannot avail themselves of La.R.S. 22:1406 D(1) to impose that statute's underinsured motorist requirements upon the policy issued in Texas for delivery in Texas to a Texas resident.
(Footnote omitted.) 461 So.2d at 1053.
We find, therefore, that the trial court erred in awarding plaintiff underinsured motorist benefits by applying LSA-R.S. 22:1406 to the applicable uninsured motorist policy which was written and delivered in another state. That part of the trial court's judgment rendered against State Farm is hereby reversed. Costs of this appeal are taxed to plaintiff.
REVERSED AND RENDERED.
NOTES
[1] The parties stipulated to coverage by two policies, both introduced at trial.
[2] The most relevant difference in Snider and this case is that the policy in question in the former provided both uninsured and underinsured motorist coverage by its terms, whereas the policies we consider refer solely to uninsured motorist coverage. Counsel for plaintiff argued heroically before this court that we should distinguish Snider on this factual dissimilarity. Counsel maintained that the Snider holding was solely a construction of LSA-R.S. 22:1406 D(1)(a), and therefore inapposite to our policies. He argued that since the policies in this case provide only "uninsured" motorist coverage, we should read 1406 D(2)(b) to include underinsured motorist coverage with uninsured motorist coverage by definition. We reject this argument for three reasons:

(1) Accepting it would have an incongruous result. A policy which did not by its terms provide for any underinsured coverage would be held to provide that coverage by virtue of LSA-R.S. 22:1406 D(2)(b). However, a policy like that in Snider providing underinsured coverage (reduced to 0 by an applicable liability policy) and uninsured coverage would be held under Snider and 22:1406 D(1)(a) to provide no underinsured coverage. In short, the policy that contemplated underinsured coverage would not provide it, while the policy clearly restricted to uninsured coverage would also provide under-insured coverage.
(2) The construction advanced by counsel would isolate section D(2)(b) from the rest of the statute, despite the first sentence of the section which states that the definition applies "[f]or the purposes of this coverage...." "This" coverage must refer to that mandated by section D(1)(a), and thereby must incorporate its terms and conditions.
(3) The Supreme Court could have applied this rationale in Snider to find coverage there, but did not. It chose instead (and correctly we think) to determine coverage via construction of section D(1)(a), which expresses the primary legislative intent behind the statute.