SHORTESS, Judge.
Paulette George (plaintiff) was injured while riding as a passenger in a vehicle involved in an accident in Terrebonne Parish, Louisiana, on November 21, 1982. The car in which plaintiff was riding was operated by Bobby McDaniel, and was insured by State Farm Mutual Automobile Insurance Company (defendant) under a liability policy with $10,000.00 uninsured motorist coverage. This policy was issued and delivered to McDaniel in the State of Mississippi, and the McDaniel vehicle was principally garaged in Mississippi.
Ronald Barnett, the driver of the other vehicle in the accident, was insured by Southern Farm Bureau Insurance Company. Plaintiff settled with that insurer, exhausting its coverage. Having additional damages, plaintiff sought benefits under the uninsured motorist provisions in McDaniel’s policy.
State Farm moved for a summary judgment, claiming that under applicable Mississippi law and the uninsured motorist provisions of the policy, it was entitled to set *975 off the amount recovered under the liability policy against its uninsured motorist coverage. Plaintiff claimed that the proper law to apply was that of Louisiana, i.e., LSA-R.S. 22:1406 D(l)(a) which allowed her to recover under McDaniel’s uninsured motorist coverage to the extent that her damages were not covered by the liability policy of the underinsured motorist.
In written reasons, the trial court found that although the policy language “clearly allows the setoff,” the law applicable under an interest analysis was Louisiana's 22:1406 D. It further held, however, that the statute, by its terms, was properly applied only to policies issued and delivered in Louisiana, citing Abel v. White, 430 So.2d 202 (La.App. 4th Cir.1983). It granted the motion for summary judgment, and plaintiff appealed.
Our examination of the record reveals that defendant attached to its motion for summary judgment a copy of the State Farm policy which did not contain pages 8 and 9. Since Section III of the policy titled “Uninsured Motor Vehicle Coverages” begins at the bottom of page 7 of that policy and ends at the top of page 10, we find that we do not have in the record the relevant policy provisions regarding setoff of applicable liability coverage against uninsured motorist coverage. However, the trial court, in its written reasons, repeatedly referred to the policy provision, finding that it did allow for the setoff. We further note that plaintiff has not appealed this finding of the trial court. We therefore affirm the finding of the trial court that the policy allowed the reduction of uninsured motorist coverage to the extent that there was applicable liability coverage.
The trial court also found that Louisiana law was to be applied under the Jagers v. Royal Indemnity Company decision, 276 So.2d 309 (La.1973), which adopted an interest analysis approach to solving choice-of-law problems in tort cases. The trial court noted that this circuit has adopted the interest analysis for choice-of-law problems in contractual matters, also, citing Wickham v. Prudential Insurance Company of America, 366 So.2d 951 (La.App. 1st Cir.1978).
Regardless of the choice of law to be applied, we find that the result reached by the trial court is the correct one. Our Supreme Court has recently addressed the issue of the effect of LSA-R.S. 22:1406 D(l)(a) on uninsured motorist policies written and delivered out of state on automobiles principally garaged out of state. It found, in Snider v. Murray:
[Ejven if Louisiana law is the choice of laws to be applied, the only Louisiana law which requires underinsured motorist coverage in the amount of the bodily injury liability limits is La.R.S. 22:1406 D(l), and that statute by its express terms purports to affect only an automobile policy “delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state.” There is no dispute that the policy in the présent case was neither “delivered” nor “issued for delivery” in this state. Therefore, plaintiffs cannot avail themselves of La.R.S. 22:1406 D(l) to impose that statute’s underinsured motorist requirements upon the policy issued in Texas for delivery in Texas to a Texas resident. (Footnote omitted.)
Snider, 461 So.2d 1051, 1053 (La.1985).
In Cobb v. Burke, 469 So.2d 1221 (La. App. 1st Cir.1985), we have cited Snider and held that the provisions of LSA-R.S. 22:1406 could not be applied to uninsured motorist policies written and delivered in another state.
For the foregoing reasons, the judgment of the trial court' is affirmed. Costs of this appeal are taxed to plaintiff.
AFFIRMED.