LANIER, Judge.
This is a suit in tort and contract arising out of an automobile accident. Made defendants in the tort claim were the minor driver of the vehicle which collided with the plaintiff’s vehicle, the mother of the minor, the grandfather of the minor (who owned the vehicle the minor was driving) and the liability insurer of the grandfather’s vehicle. Judgment was rendered against the minor, the grandfather and the liability insurer for the liability policy limits of IS^OO.[1] This judgment has not been appealed and is final.
Plaintiff’s contract claim is against her own insurer under the underinsured motorist (UM) coverage of her policy. The trial court ruled Louisiana law was applicable to the policy, reformed the policy to provide UM coverage of $50,000 and rendered judgment in favor of the plaintiff for the limits of UM coverage. Plaintiff’s insurer then took this suspensive appeal.
FACTS
On November 3, 1981, Mrs. Daisy Leona Sumrall was driving her 1980 Datsun from her home in Tylertown, Mississippi, to Bo-galusa, Louisiana. At approximately 8:00 a.m., she was involved in an automobile accident on Louisiana Highway 424 in Washington Parish, Louisiana. Her vehicle was struck head-on in her lane of travel by a 1969 Pontiac driven by John David McNeese and owned by Archie McNeese. Mrs. Sumrall received serious injuries.
At the time of this accident, Mrs. Sumrall had an insurance policy with Southern Farm Bureau Casualty Insurance Company (Farm Bureau) which provided for bodily injury liability limits of $50/100,000 and underinsured motorist limits of $10/20,000. She purchased this insurance contract in Mississippi, was a resident of Mississippi, and garaged her vehicle in Mississippi. The McNeese vehicle was insured by Fidelity and Casualty Company of New York (Fidelity).
QUANTUM FOR UNDERINSURED MOTORIST COVERAGE
The trial court found that since Sumrall had not expressly rejected nor selected limits of underinsured motorist coverage less than the limits of bodily injury liability provided by the policy, La.R.S. 22:1406(D)(1)[2] required the policy to have *533 the same limits for the UM coverage as that for the liability coverage. The trial court raised the underinsured motorist policy limit to the limit of bodily injury liability of $50,000 and awarded Sumrall that amount against Farm Bureau.
Farm Bureau contends on appeal that the trial court erred in not applying Mississippi law to this insurance contract.[3]
Under Mississippi law, an insurer is only required to offer an insured a minimum of $10,000 in underinsured motorist coverage. The Sumrall policy provided $10,000 in underinsured motorist coverage and therefore met the requirements of Mississippi law.
Plaintiff contends she is, entitled to the benefits of La.R.S. 22:1406(D)(1) which requires an insurer to provide underinsured motorist coverage in the same amount as the bodily injury liability limits unless the insured rejects in writing the coverage or selects lower limits.
In Snider v. Murray, 461 So.2d 1051, 1053 (La.1985), the Louisiana Supreme Court observed as follows:
[E]ven if Louisiana law is the choice of laws to be applied, the only Louisiana law which requires underinsured motorist coverage in the amount of the bodily injury liability limits is La.R.S. 22:1406 D(l), and that statute by its express terms purports to affect only an automobile policy ‘delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state’. There is no dispute that the policy in the present case was neither ‘delivered’ nor ‘issued for delivery’ in this state. Therefore, plaintiffs cannot avail themselves of La.R.S. 22:1406 D(l) to impose that statute’s underinsured motorist requirements upon the policy issued in Texas for delivery in Texas to a Texas resident.
[Footnote omitted].
See also George v. State Farm Mutual Automobile Insurance Company, 471 So.2d 974 (La.App. 1st Cir.1985). Since the Sumrall policy was neither “delivered” nor “issued for delivery” in this state and the insured vehicle was not “garaged” in this state, La.R.S. 22:1406(D)(1) is not applicable to that policy. Therefore, the $10,000 limit on underinsured motorist coverage provided in the policy is not prohibited by Louisiana law.
*534 Farm Bureau also contends it is entitled to a credit for the $5,000 paid by the liability insurer. Section IV d.(4) of the Uninsured Motorist Endorsement of the Sumrall policy provides, in pertinent part, as follows:
(4) Any amount payable under the terms of Uninsured Motorist coverage because of bodily injury or property damage sustained in an accident by a person who is an Insured under this coverage, shall be reduced by. [sic]
(a) all sums paid on account of such bodily injury or property damage by or on behalf of
(i) the owner or operator of the uninsured motor vehicle and
(ii) any other person or organization who may be liable together with such owner or operator for such bodily injury or property damage coverage of the policy ...
Under La.R.S. 22:1406(D)(1), a policy for underinsured motorist coverage is mandated to have coverage of not less than the bodily injury liability coverage and the jurisprudence holds a policy exclusion which reduces the coverage below this limit is violative of the statute and unenforceable. Monnier v. Lawrence, 467 So.2d 35 (La.App. 4th Cir.1985) and the eases cited therein. However, as stated above, La.R.S. 22:1406(D)(1) is not applicable to this policy. Under the terms of the policy, Farm Bureau is entitled to the $5,000 credit. This policy provision is valid under Mississippi law and not prohibited by Louisiana law and, thus, is binding on the parties.
DECREE
For the foregoing reasons, the judgment of the trial court is amended to reduce the award in favor of Sumrall and against Farm Bureau to $5,000, with legal interest thereon from date of judicial demand until paid. The costs in the trial court are to be divided equally between Fidelity and Farm Bureau. Farm Bureau is cast for the cost of this appeal. ,
AMENDED AND AFFIRMED.

. The record does not reflect that service was ever made on the minor's mother.

. La.R.S. 22:1406(D)(1) provides, in pertinent part, as follows:
*533 D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.

. Farm Bureau admits in brief and the trial judge found in his reasons for judgment that Mrs. Sumrall’s injuries were substantial. Farm Bureau concedes it owes Mrs. Sumrall something but contests the amount. It appears the trial court judgment is erroneously drafted because the minor and his grandfather (the tort-feasors) are only cast for the limits of the liability policy (and not more). The UM insuring agreement only requires Farm Bureau to "pay all sums ... which the Insured ... shall be legally entitled to recover as damages from the owner, operator or user of an Uninsured Motor Vehicle_” As the judgment is presently written, Mrs. Sumrall can legally recover only $5,000 from the tortfeasors. However, the judgment also indicates it was the finding of the trial court that Mrs. Sumrall could legally recover on her UM coverage.