619 So.2d 202 (1993)
Francis A. REEVES, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 92-1200.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
Terrell DeWight Fowler, Lake Charles, for Francis A. Reeves.
Alex Andrew Lopresto, III, Lafayette, for Allstate Ins. Co., et al.
Joel Edward Gooch, Lafayette, for Harco Nat. Ins.
Eric S. Neuman, and David Michael Kaufman, Lafayette, for State Farm.
Before GUIDRY and WOODARD, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This appeal presents a choice of law issue: Does Arkansas or Louisiana law apply to construe uninsured motorist coverage in an automobile insurance policy issued in Louisiana, for delivery in Arkansas to a Louisiana resident, for a vehicle financed, registered, licensed and garaged in Louisiana. The automobile accident occurred in Louisiana, involved two Louisiana domiciled drivers, and the plaintiff guest passenger was also a Louisiana domiciliary. The trial judge held that Arkansas law applies. We hold that Louisiana law applies and, accordingly, we reverse.

FACTS
This suit arises from an automobile accident in Louisiana between Rodney R. White and Dorothy H. Dore on September 24, 1987. At the time of the accident, White was driving his own car within the course and scope of his employment with Atterbery Truck Sales. Plaintiff, Francis A. Reeves, was a guest passenger in White's car and was injured in the accident.
White separated from his wife and moved from Arkansas to Louisiana in 1981. He never divorced his wife, who remained *203 in their home in Arkansas. In 1985, White purchased, financed, licensed and registered, in Louisiana, the vehicle which was involved in the accident. The insurance on the car was provided in 1985 through White's longtime State Farm agent in Arkansas but was issued from the Regional office in Monroe, Louisiana. It was delivered to White's former address in Arkansas, where his wife still resided. From there it was mailed to White's residence in Lake Charles, Louisiana. The last renewal of the policy before the accident was on July 2, 1987.
The defendant, Dore, who has apparently conceded some fault for the accident, was also domiciled in Louisiana, as well as the plaintiff, Reeves.
Reeves filed this personal injury suit on October 21, 1987, against Dore, State Farm Mutual Automobile Insurance Co. (as Dore's liability insurer), White, State Farm (as White's UM insurer), Allstate Insurance Co. (Reeves's UM insurer), Atterbery Truck Sales, Inc. (White's employer), and Harco National Insurance Co. (Atterbery's UM insurer). Various motions and third party demands subsequently filed are irrelevant to this appeal.
Dore and her liability insurer settled with Reeves for her policy limits of $50,000 and they were dismissed from the suit.
State Farm filed a motion for summary judgment that its policy did not provide underinsured motorist coverage, and, although there was no written waiver of such coverage, the laws of Arkansas, which apply here, require no such waiver. The trial judge, in oral reasons for judgment, found that Arkansas law applied and there was no underinsured motorist coverage by State Farm.
Reeves and Harco appeal.

OPINION
The issue in this appeal is whether Arkansas or Louisiana law applies. The policy issued to White by State Farm has bodily injury liability limits of $100,000/$300, 000 and uninsured motorist limits of $25, 000/$50,000. There is no underinsured motorist insurance. Also, there is no written waiver of the higher liability limits for the selection of lower UM limits. Under Arkansas law, under insured motorist insurance is not required and a waiver or selection of lower limits for un insured motorist insurance need not be in writing. Under Louisiana law, LSA-R.S. 22:1406(D)(1)(a)(i), there must be underinsured motorist insurance, as well as uninsured, and the selection of UM limits lower than the limits for bodily injury liability must be in writing. See also, LSA-R.S. 22:1406(D)(2)(b).
White's policy has a limiting provision for UM liability which is enforceable under Arkansas law and which states:
"2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:

A. by or for any person or organization who is or may be held liable for the bodily injury to the insured;"
Since plaintiff has already settled with Dore and her liability insurer for $50,000, and White's UM policy limit is $25,000, State Farm would be liable to plaintiff for zero under Arkansas law (assuming the policy would provide under insured motorist coverage). However, if Louisiana law applies, then State Farm could be liable to plaintiff for underinsured motorist coverage, in accordance with the provisions of LSA-R.S. 22:1406.
We note, initially, that the new choice of law statutes, LSA-C.C. art. 3515art. 3549, enacted by 1991 Acts 923, are not applicable in this case since they apply only to actions filed after January 1, 1992. See 1991 Acts 923, § 4.
State Farm argues, in defense of the trial court's judgment, that the case is governed by Snider v. Murray, 461 So.2d 1051 (La.1985), which interpreted LSA-R.S. 22:1406D(1) prior to its 1987 amendment (effective September 1, 1987), and held that LSA-R.S. 22:1406D(1) does not apply to an automobile policy delivered or issued for delivery in another state, insuring a vehicle registered and garaged in another state, simply because the insured later moved and garaged the vehicle in Louisiana. On September 1, 1987, the amendment became *204 effective, which added LSA-R.S. 22:1406D(1)(a)(iii) in an obvious effort to legislatively overrule Snider.
The 1987 amendment provides that "the Louisiana requirements for uninsured motorist coverage shall apply to any liability insurance covering any accident which occurs in this state and involves a resident of this state."
Since the 1987 amendment became effective on September 1, 1987, three weeks before the accident in this case on September 24, 1987, State Farm argued it cannot be applied retroactively to the present case. We agree.
However, we find the supreme court case of Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), is controlling. In Roger, the policy was issued and delivered, and the accident occurred, before 1987. The supreme court held that Snider was not applicable where the insured vehicle was registered, garaged and licensed in Louisiana, even though the policy was neither delivered nor issued for delivery in Louisiana. As in Roger, White's vehicle was registered, garaged and licensed in Louisiana, although the policy was delivered in Arkansas. Therefore, Louisiana law applies to require UM coverage equal to the bodily injury liability coverage unless validly rejected or reduced in writing. Under this holding and rationale, there is no need to address State Farm's argument of an allegedly unconstitutional retroactive application of LSA-R.S. 22:1406D(1)(a)(iii).
Finally, State Farm complains that White failed to notify it of his change of address, so that it could issue a new Louisiana policy in compliance with a policy provision. The point is moot since, had State Farm been formally notified of White's change of address, it would simply have done what this court is doing nowchanged White's policy to conform with Louisiana law.
Both Reeves and Harco argue summary judgment was inappropriate because genuine issues of material fact exist as to White's residence, the state in which the vehicle was garaged, and whether State Farm had notice of White's change of residence. However, we find there are no fact issues.

CONCLUSION
The trial court clearly erred as a matter of law in granting State Farm's motion for summary judgment on the issue of its liability to Reeves for UM coverage.

DISPOSITION
For the reasons given, the judgment of the trial court is reversed. The case is remanded for further proceedings consistent with the law and the views expressed herein. Costs of this appeal are assessed to appellee, State Farm Mutual Automobile Insurance Company.
REVERSED and REMANDED.
GUIDRY, J., concurs in the result.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.