306 So.2d 94 (1974)
Maurice NEMEROFF
v.
DOLPHIN SWIMMING POOL CO., INC. and Henry G. Babcock.
No. 6510.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1974.
Fred P. Westenberger, New Orleans, for Dolphin Swimming Pool Co., Inc. and Henry G. Babcock, third-party plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., and Christopher Lawler, New Orleans, for Allstate Ins. Co., third-party defendant-appellee.
Before SAMUEL, SCHOTT and MORIAL, JJ.
*95 SAMUEL, Judge.
Plaintiff filed this suit for $48,462.72 against his employer, Dolphin Swimming Pool Co., Inc., and Henry G. Babcock, the corporate defendant's president and chief executive officer. The claim was for bonuses due as manager of the corporation's retail operation, Dolphin Pool Supplies, for injuries sustained by plaintiff as a result of an assault and battery by Babcock in the retail operation office, and for false arrest and malicious prosecution allegedly resulting from that incident.
An answer was filed on behalf of both defendants by Travelers Insurance Company, insurer of Dolphin Swimming Pool Co., Inc. Because Allstate Insurance Company, the insurer of Dolphin Pool Supplies, refused to defend the suit, defendants retained their own attorneys to protect them against any claims not covered by the Travelers' policy. On behalf of the two defendants, those attorneys filed a supplemental and amended answer and a third party petition against both insurers. The third party demand seeks judgment over against the insurers in the event judgment on the main demand is rendered in favor of plaintiff, and further against Allstate for expenses, including $2,500 in attorney's fees, resulting from its refusal to defend the suit.
Allstate filed a motion for summary judgment seeking dismissal of the third party demand of Dolphin Swimming Pool Co., Inc. on the ground that Allstate had not insured that corporation. In support of its motion, mover attached a copy of the policy issued to Dolphin Pool Supplies. Other than that policy and the pleadings above mentioned, the record is devoid of any evidence material to the summary judgment sought; there are no depositions, answers to interrogatories, admissions or affidavits on file.[1] After a hearing, summary judgment was rendered dismissing the third party demand of Dolphin Swimming Pool Co., Inc. against Allstate. Babcock and Dolphin Swimming Pool Co., Inc. have appealed from that judgment.
In this court, both orally and in brief, counsel for the three third party litigants have argued the question of whether or not Allstate as insurer owes Babcock the duty to defend this suit on his behalf. While there may be merit in appellants' contention that Babcock is an insured under the "Persons Insured" provision of the policy issued by Allstate to Dolphin Pool Supplies, that question is not now before us. As has been pointed out, the judgment appealed from[2] only dismisses "the third party petition and demand asserted by Dolphin Swimming Pool Company, Inc., against the Allstate Insurance Company" and that judgment, which is in accordance with Allstate's prayer in its motion for summary judgment, does not affect Babcock's third party demand.
Accordingly, we consider only the question of the dismissal of the third party demand of Dolphin Swimming Pool Co., Inc. against Allstate. The question is one of coverage: If Dolphin Swimming Pool Co., Inc. is not an insured under the policy issued by Allstate to Dolphin Pool Supplies, there is no obligation on the part of Allstate either to defend the suit[3] or to pay any damages for which Dolphin Swimming Pool Co., Inc. may be cast.
Dolphin Pool Supplies was never made a party in the suit. The policy includes comprehensive general liability insurance covering bodily injury, false arrest, malicious prosecution, wrongful eviction and property damages. Coverage also includes a duty on the part of Allstate to defend any suit *96 against the insured seeking such damages under the circumstances alleged in the original petition. Dolphin Swimming Pool Co., Inc. does not appear in the policy. The named insured is Dolphin Pool Supplies which is designated by the policy declarations as a corporation. We find no provision which, considered alone, could result in Dolphin Swimming Pool Co., Inc. being an insured under the policy.
Appellants rely or the fact that the original plaintiff alleges his damages were sustained while he was employed by Dolphin Swimming Pool Co., Inc. "as the manager of a retail operation known as Dolphin Pool Supplies" and the fact that the amended answer and third party demand refer to Dolphin Pool Supplies as a "subsidiary" of Dolphin Swimming Pool Co., Inc. Based solely on these allegations in the original petition, the amended answer and the third party demand, they argue that Dolphin Pool Supplies has no distinct, separate legal entity from that of its parent corporation, Dolphin Swimming Pool Co., Inc., and that Dolphin Pool Supplies could only be sued by entering suit against Dolphin Swimming Pool Co., Inc. which is what the original plaintiff did in this proceeding. Therefore, they further argue, if these averments be accepted as true, either Dolphin Swimming Pool Co., Inc. is an insured under the Allstate policy issued to Dolphin Pool Supplies or there is a material issue of disputed fact, and in either case the motion for summary judgment should have been denied.
Plaintiff argues a non-sequitur. That Dolphin Pool Supplies is not a legal entity with procedural capacity to be sued does not follow from the fact that it is either a "retail operation" or a "subsidiary" of Dolphin Swimming Pool Co., Inc.; it could just as well have procedural capacity to be sued under either description; it could be, for example, a partnership or, as shown by the policy declarations, a corporation.
In addition, when a mover for summary judgment produces sufficient proof, by affidavits or other receivable evidence, of the facts upon which his motion is based, and the opposing party fails to offer any receivable evidence to contradict that proof, a conclusion that there is no genuine issue as to the facts so proved may be justified, even though allegations to the contrary may be included in the pleadings.[4] In pertinent part, Code of Civil Procedure Article 967 provides:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." LSA-C.C.P. Art. 967.
Here, there is sufficient evidence produced by Allstate to convincingly show Dolphin Swimming Pool Co., Inc. is not an insured under the policy issued by Allstate to Dolphin Pool Supplies. Thus, the third party plaintiffs could not rest only on the allegations of the pleadings; it was incumbent upon them to produce acceptable evidence (evidence relative to Dolphin Pool Supplies' capacity to be sued obviously was available to them) setting forth specific facts showing there is a genuine issue for trial.
Under these circumstances, we agree with the trial judge's conclusion that there is no genuine issue of material fact and that Dolphin Swimming Pool Co., Inc. is not an insured under the Allstate policy.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See LSA-C.C.P. Art. 966.
[2] Other than a judgment dismissing an exception of improper cumulation of actions filed by Travelers' counsel on behalf of the defendants, unrelated to this appeal, the record contains no judgment except the one here appealed from.
[3] American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253; Benoit v. Fuselier, La.App., 195 So.2d 679; Smith v. Insurance Company of Pennsylvania, La.App., 161 So.2d 903.
[4] LSA-C.C.P. Arts. 966 and 967; see Garlington v. Kingsley, La.App., 277 So.2d 183, 186, and cases cited therein; Mexican Gulf Fisheries, Inc. v. Aetna Insurance Co., 220 So.2d 141; Welsh Southern Oil Co. v. Scurlock Oil Co., La.App., 201 So.2d 376.