342 So.2d 1283 (1977)
Anthony LALA
v.
SCHOEN LIFE INSURANCE COMPANY, INC.
No. 7881.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Windhorst, Heisler, De Laup & Wysocki, Jerome M. Volk, Jr., New Orleans, for plaintiff-appellant.
Phillip S. Brooks, New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and MORIAL, JJ.
Plaintiff has appealed from a summary judgment dismissing his suit for damages under an insurance policy issued by the defendant.
Plaintiff alleged in his petition that on April 19, 1974, he suffered a back injury and "since approximately May, 1974, [he] has been continuously disabled and has been under the care and supervision of licensed physicians and has been hospitalized . ."
In its answer, defendant admitted that there was an insurance policy covering plaintiff for $30 per day while plaintiff was confined to a hospital, but it denied payment based upon the following allegations:

*1284 "I.
That if as alleged the defendant was injured on April 19th, 1974, and was not confined unto the hospital until October 4th, 1974, he is not covered under the capitioned policy. In that under the exceptions to the policy, number 2 states, "The daily hospital benefit is not payable with respect to any hospital confinement which commences more than thirty (30) days after the bodily injury from which it results."

"II.
Defendant further avers that on information and belief the named insured as above stated was not admitted into a hospital until October 4th, 1974, and therefore is excluded under the policy."
Defendant moved for summary judgment and attached as an exhibit to its motion a specimen copy of its "general accident and income replacement policy." It is not certified and no affidavit was filed. Plaintiff filed no counter-availing affidavit but did file a memorandum annexed to which are uncertified, unsworn copies of accident and medical reports.
LSA-C.C.P. Art. 966 prescribes that a summary judgment shall be rendered "if the pleadings, depositions, and admissions on file, together with the affidavit, if any," support the motion. Art. 967 states that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."
In Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975) this court declined to consider in passing on a motion for summary judgment written statements which were not in affidavit form or in any manner sworn to or verified by the parties furnishing the statements. The court held that such "unsworn and unverified documents were not of sufficient evidentiary quality as to be given weight in determining whether or not there is a genuine issue of material fact."
We have concluded that this record does not support a summary judgment. The fact that the insurance policy specimen is uncertified standing alone is not necessarily fatal to the judgment, Nemeroff v. Dolphin Swimming Pool Co., Inc., 306 So.2d 94 (La.App. 4th Cir. 1974); 10 Federal Practice and Procedure, Wright and Miller § 2722, p. 486, but the other evidence tending to show the date of plaintiff's hospitalization is insufficient since it can be gleaned only from the copies of the report annexed to plaintiff's memorandum. Accordingly, the judgment appealed from is reversed and set aside, and the case is remanded to the District Court for further proceedings.
REVERSED AND REMANDED.