424 So.2d 506 (1982)
Odeal A. ALEXIS, Phyllis G. Alexis and Cheryl Alexis Parquet
v.
LUMBERMENS MUTUAL CASUALTY COMPANY.
No. 5-296.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Robert R. Faucheux, Jr., Reserve, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Joseph J. Lowenthal, Jr., New Orleans, for defendant-appellant.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
*507 DUFRESNE, Judge.
The sole issue to be resolved here is whether the carrier of an uninsured motorist automobile policy is liable under that policy for damages suffered by the insurer when the tortfeasor has adequate liability insurance to respond to all damages, but the insured's right to recover from the tortfeasor has prescribed. We conclude that the carrier is not liable under these circumstances because uninsured motorist coverage applies only where the tortfeasor is uninsured or underinsured. It does not apply where prescription bars recovery against an adequately insured tortfeasor.
Plaintiffs-appellants, Phyllis Alexis, the insured, and two passengers in her car, all claim to have been injured in an automobile accident. The Alexis car was struck by a rental car owned by Budget Rent-A-Car System, Inc., and driven by its lessee, Stephanie Prunty.
Plaintiffs originally filed suit against Budget and Prunty claiming total damages of $35,000. Because that suit was filed more than one year after the accident, recovery was barred and the suit was dismissed.
Thereupon, plaintiffs brought suit against Lumbermens Mutual Casualty Co., the carrier of uninsured motorist coverage on the Alexis car, and defendant-appellee here. They again sought damages of $35,000.
Lumbermens moved for summary judgment on the grounds that the owner and driver of the offending car carried liability insurance applicable to the accident in the amount of $125,000, that there was thus no uninsured or underinsured owner or driver involved, and therefore that Lumbermens' uninsured motorist coverage did not apply to this accident. These facts being shown by admissions and affidavits of the parties, and there being no genuine issue as to any other material facts, summary judgment in defendant's favor was granted. It is from this judgment that plaintiffs bring this appeal.
The Louisiana Uninsured Motorist Statute, La.R.S.A. 22:1406(D)(1)(a), provides that coverage under its provisions is

. . . . .
"[F]or the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles. (Emphasis added)
Plaintiffs do not contend here that the Budget car was not the one that struck them, or that this motor vehicle was uninsured or underinsured. Rather, they contend that because prescription bars recovery, that Budget and Prunty should be considered as uninsured, and therefore that recovery should be permitted them under the uninsured motorist coverage provided by Lumbermens.
While this issue is res nova, we do not hesitate in rejecting plaintiffs claims. The statute is clear that uninsured motorist coverage applies only where the offending motor vehicle is uninsured or underinsured. Here, the Budget car was insured for $125,000, over three times the aggregate amount sought in the petition. If plaintiffs had sued Budget and Prunty in time and proved liability, they would have recovered. That they failed to do so cannot now be urged as grounds to extend the uninsured motorist coverage beyond the limits mandated by statute.
The court is not insensitive to plaintiffs' plight. Sympathy, however, does not permit us to allow them recovery against an insurer whose statutorily regulated policy does not apply where the tortfeasor is adequately insured, simply because they or their attorney inadvertently allowed prescription to run against the tortfeasor.
Because we conclude that plaintiffs have no legal right to recover from Lumbermens under the uninsured motorist coverage on the Alexis car, no other issue raised on appeal need be considered here.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.