499 So.2d 543 (1986)
James Conway BEASLEY, Appellant,
v.
Neal BUTLER, et al., Appellee.
No. 18247-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*544 Booth, Lockard, Politz, LeSage & D'Anna by Joe C. LeSage, Jr., Shreveport, for appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, Shreveport, for appellee-State Farm.
Bodenheimer, Jones, Klotz & Simmons by J.W. Jones, Shreveport, for appellee-American Fidelity.
John A. Files, Shreveport, for Exceptor-Neal Butler.
Before FRED W. JONES, Jr., and SEXTON, JJ., and HEARD, J., Pro Tem.
HEARD, Judge, Pro Tem.
The plaintiff appeals the trial court's grant of a summary judgment in favor of defendants. The plaintiff raises two assignments of error:
(1) The trial court incorrectly found Snider v. Murray[1] applicable.
(2) The court erred in not finding that when construed most favorably to the plaintiff the terms of the two policies provided coverage.
We find no merit in the two assignments of error and affirm the trial court's grant of the summary judgment. We are likewise unable to grant the relief requested by an original defendant who is not party to this appeal.

*545 FACTS
The facts of this case are not disputed. The plaintiff, James Conway Beasley, was a guest passenger in J. Drexel Beasley's car when they were struck by Neal Butler, a Louisiana resident. Both the plaintiff and J. Drexel Beasley are Texas residents. The accident occurred in Shreveport, Louisiana on July 2, 1981. Plaintiff filed suit July 1, 1983 against Butler, Butler's insurance agency, J.D. Beasley's insurance company, and his wife's insurance company. In the briefs all parties assert that Butler and his insurance company were released on a peremptory exception of prescription. The remaining defendants, State Farm Insurance and American Fidelity Insurance, moved for a summary judgment which was granted by the trial court. It is this summary judgment which is now before us on appeal.
Both insurance policies in question were issued and delivered in Texas, and covered cars that were principally garaged in Texas. State Farm, J.D. Beasley's insurer, had underinsured and uninsured coverage of $10,000/$20,000. American, the J.C. Beasleys' insurer also had uninsured and underinsured coverage of $10,000/$20,000. At the time of the accident Butler had 10/20/10 liability coverage with Commercial.
Plaintiff claims that he has injuries that amount to $30,000; thus even crediting the $10,000 that could have been recovered from Butler, he should receive $20,000 from State Farm and American under their uninsured or underinsured provisions. He apparently attempts to rely on LSA-R.S. 22:1406D(1), which would require State Farm and American's uninsured coverage to be equal to the liability coverage limits.

LAW
In granting the motion for summary judgment the trial court relied on the Louisiana Supreme Court case of Snider v. Murray, 461 So.2d 1051 (La.1985). Snider holds that 22:1406D(1) does not apply to an insurance policy that was neither "delivered" nor "issued for delivery" in Louisiana. Plaintiff attempts to distinguish the case by emphasizing that here, unlike the Snider case, there was no recovery from the tortfeasor. While this is true, it has no relevancy to the applicability of the Snider holding to this case.
As in Snider the insurance policies were issued and delivered in Texas, and here they also covered vehicles which were registered and principally garaged in Texas. In such a situation LSA-R.S. 22:1406D(1) by its own terms[2] does not apply. Following the Snider decision, we must find that 22:1406D(1) is not applicable here, and the policy limitations are to be given full effect.

POLICY PROVISIONS
Plaintiff also attempts to show that there is coverage under the terms of the policies when construed in the manner most favorable to finding coverage. Butler's liability policy at the time of the accident, with 10/20/10 limits, had enough coverage that by their terms neither State Farm's nor American's underinsured/uninsured coverage is applicable.
*546 With reference to the State Farm policy, the plaintiff apparently thinks that his failure to file suit against Butler timely and the consequent loss of his claim through prescription amounts to a reduction by payment of claims arising from the same occurrence.[3] This is not correct. Prescription of the claim does not render the motorist uninsured. Alexis v. Lumbermens Mut.Cas.Co., 424 So.2d 506 (La.App. 5th Cir.1982). While Alexis was interpreting a Louisiana statute, the same principle of not allowing a plaintiff and his attorney the benefit of their delinquency still holds true in interpreting a contract.
The plaintiff contends that in this situation the American policy specifically adopts the foreign state's insurance laws, modifying its coverage accordingly. However, the American policy provision regarding out-of-state coverage upon which the plaintiff attempts to rely does not apply to uninsured or underinsured coverage, but rather to the liability coverage.
Butler had 10/20/10 insurance at the time of the accident, which would have been sufficient to remove him from the status of uninsured or underinsured under the terms of the American policy.[4]
Since LSA-R.S. 22:1406D(1) is not applicable, the policy restrictions apply. The trial judge was correct in finding that under the terms of these policies there is no recovery through either the underinsured or uninsured provisions. We therefore affirm the judgment of the trial court.
Butler has filed a letter and affidavit in this court requesting that we release him on his exception of prescription. The excerpt of the minutes reveals that the trial court ruled that Butler was released below, although there is no judgment to this effect in the record. We cannot grant relief to Butler because he is not before this court. He was not a party to the summary judgment appealed from and has no standing either to appeal or to answer plaintiff's appeal. This is very similar to Dixon v. Houck, 466 So.2d 57 (La.App. 2d Cir.1985), where this court was unable to amend a judgment to dismiss two defendants when the judge below had stated that their exceptions of prescription would be maintained because they neither answered nor appealed. Butler should seek his relief from the trial court requesting that a judgment be given.
Costs of the appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] 461 So.2d 1051 (La.1985).
[2] The statute in pertinent part reads:

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits.
[3] According to the State Farm policy, "Underinsured motor vehicle" means a motor vehicle with respect to the ownership, maintenance or use of which, as respects damages because of bodily injury or property damage or both, the sum of the limits of liability ... at the time of the occurrence is less than, or has been reduced by payment of claims arising from the same occurrence to an amount less than, the applicable limits of liability under this insurance.
[4] The American policy defines "Uninsured motor vehicle" as a land motor vehicle or trailer of any type,

1. To which no liability bond or policy applies at the time of the accident,
4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:
a. is less than the limit of liability for this coverage; or
b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.