625 So.2d 792 (1993)
Dianne and Tommy FORD
v.
STATE FARM Insurance Company.
No. 90-CA-0980.
Supreme Court of Mississippi.
October 7, 1993.
Paul Snow, Paul Snow & Associates, Jackson, for appellant.
Steen Reynolds Dalehite & Currie, Mildred M. Morris, Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
In this case, the plaintiffs-appellants, Dianne and Tommy Ford, appeal from the dismissal with prejudice of their tort action against the defendant-appellee, State Farm Insurance Company (hereinafter State Farm). The Fords' case was dismissed through Hinds County Circuit Court's grant of State Farm's Motions for Judgment on the Pleadings and Summary Judgment. The Fords assert the following errors:

*793 (1) The court erroneously found the Louisiana Direct Action Statute inapplicable in Mississippi and should not have dismissed Fords' case with prejudice.

(2) The court erroneously denied Ford uninsured motorist coverage and should have granted Fords' Cross-Motion for Summary Judgment.

II. FACTS
On February 16, 1987, Ashley Husers, a Louisiana resident, backed into a vehicle driven by Dianne Ford, a Louisiana resident, owned by Tommy and Dianne Ford, and while on the premises of a service station located in Eunice, Louisiana. At the time of the accident, Husers was covered under a $100,000 liability insurance policy issued by State Farm Mutual Automobile Insurance Company and an umbrella policy with limits of $2,000,000. The Fords were insured by the same company (State Farm) under a $100,000 liability policy which provided uninsured motorist coverage in the amount of $10,000. Also, $100,000 of uninsured motorist coverage was potentially available to the Fords from a State Farm policy issued on another one of the Fords' cars. All of the insurance policies were issued in Louisiana.
As a result of the accident, Diane Ford and her husband, Tommy Ford, filed suit in Louisiana on March 28, 1989, against Husers and State Farm. Because Louisiana had a one-year statute of limitations period on tort actions, the Fords' case was dismissed.[1] Thereafter, the Fords filed this suit in the First Judicial District of Hinds County against Husers and State Farm. Fords' complaint alleged that Husers was negligent in causing the automobile accident and also alleged that the Louisiana Direct Action Statute, which allowed actions to be brought against insurance companies directly, was applicable. The complaint also argued that in the event Ford did not recover under the Direct Action Statute, alternatively they were entitled to uninsured motorist coverage from the Fords' own State Farm insurance policies.
On August 14, 1989, State Farm filed a Motion for Summary Judgment asserting that the Louisiana Direct Action Statute was inapplicable in Mississippi. On October 11, 1989, the Circuit Court dismissed with prejudice the Fords' claim under the Direct Action Statute. However, the trial court specifically reserved his ruling as to the merits of any claim against State Farm as to the Fords' uninsured motorist carrier. On August 7, 1990, State Farm filed another Motion for Summary Judgment asserting that since Husers had liability insurance in the amount of $2,100,000 and that since the Fords' combined uninsured motorist coverage was less than the combined liability limits of Husers's policies, the Fords' claim should be dismissed. On August 22, 1990, the Fords responded asserting that Dianne was entitled to uninsured motorist coverage in the amount of $110,000 and filed a Cross-Motion for Summary Judgment for that amount. Finally, on August 27, 1990, the trial court granted State Farm's Motion for Summary Judgment and denied the Fords' Cross-Motion for Summary Judgment. State Farm was dismissed with prejudice. The Fords thereafter brought this appeal.

III. ANALYSIS

Issue A. Did the court erroneously find the Louisiana Direct Action Statute inapplicable in Mississippi and erroneously dismiss the Fords' case with prejudice.
The question posed requires this Court to determine first whether the Louisiana Direct Action Statute addresses procedural or substantive law. Some basic considerations need review. First, Mississippi applies its own procedural law to actions filed in the courts of this state. Lee v. Swain Bldg. Materials Co., 529 So.2d 188, 190 (Miss. 1988). See also, Cook v. State Farm Mutual Ins. Co., 241 Miss. 371, 128 So.2d 363 (1961), cert. denied 368 U.S. 898, 82 S.Ct. 176, 7 L.Ed.2d 94 (1961); Wright v. Jacobs, 228 Miss. 641, *794 89 So.2d 708 (1956).[2] Thus, Mississippi's six (6) year statute of limitations for tort actions, Miss. Code § 15-1-49 (1972)[3], applies to a Mississippi lawsuit even though the tort occurred in Louisiana. Swain Bldg. Materials Co., 529 So.2d at 190.
Secondly, to determine whether to apply the substantive law of Mississippi or the substantive law of Louisiana to this case, this Court applies the "center of gravity" test enumerated in Boardman v. United Services Auto. Ass'n, 470 So.2d 1024 (Miss. 1985). The "center of gravity" test focuses on the contacts between the parties and the forum. In Boardman, this Court stated:
In 1968, this state's choice of law rules were modified to embrace the "center of gravity" concept. Mitchell v. Craft, 211 So.2d 509, 512 (Miss. 1968); Craig v. Columbus Compress & Warehouse Co., 210 So.2d 645, 649 (Miss. 1968). In cases where a question is presented as to whether the substantive rules of decision should be our own or those of some other state, Mitchell and Craig committed us to a determination of which state has the most substantial contacts with the parties and the subject of the action.
Embracing the Restatement (Second) of Conflicts of Laws, § 6, Mitchell enumerated a number of factors relevant to a choice of law determination. These include: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relevant interest of those states in the determination of a particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of results; (7) ease and determination in application of law to be applied.
Id. at 1031.
In the instant case, all of the factors discussed above point towards the application of Louisiana substantive law. Both parties involved in the accident were Louisiana residents, the accident occurred in Louisiana, and the contracts of insurance were written in Louisiana.
Ford brings this case under the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655 (1989).[4] In order for this *795 statute to apply in Mississippi, this Court must determine it to be the substantive, and not procedural, law of Louisiana. The Fords maintain that the Louisiana direct action statute is substantive Louisiana law and must be applied by this Court under the Boardman "center of gravity" test.
The Louisiana Supreme Court at one time considered its direct action statute to be substantive law, see West v. Monroe Bakery, 217 La. 189, 191, 46 So.2d 122, 123 (1950), but has since effectively overruled this decision. See Home Ins. Co. v. Highway Ins. Underwriters, 222 La. 540, 548, 62 So.2d 828, 831 (1952). This Court, however, has unambiguously held Louisiana's direct action statute to be procedural in nature.
In Cook v. State Farm Mutual Ins. Co., 241 Miss. 371, 128 So.2d 363 (1961), cert. denied 368 U.S. 898, 82 S.Ct. 176, 7 L.Ed.2d 94 (1961), this Court ruled that the direct action statute was procedural and remedial in nature and thus not applicable to a Mississippi contract of insurance:
We now therefore reaffirm the case of McArthur v. Maryland Casualty Company, [184 Miss. 663, 186 So. 305] [1939] and hold that insofar as this State is concerned the law of Louisiana, Act No. 55, Laws of 1930, is procedural and remedial and the law of the forum, that is to say, Mississippi, will be applied.
Cook, 241 Miss. at 380, 128 So.2d at 368.
This Court again found the direct action statute to be procedural in Goodin v. Gulf Coast Oil Company, 241 Miss. 862, 133 So.2d 623, 624 (1961) and in McNeal v. Administrator of the Estate of McNeal, 254 So.2d 521, 524-25 (Miss. 1971). In Goodin, this Court ruled that a direct action could not be brought against an insurance company in Mississippi, even when the accident occurred in Louisiana:
It was claimed that the laws of Louisiana permitted a direct suit against the insurer, and that, therefore, suit could be brought in Mississippi directly against the insurance companies. This matter has been before this Court and was definitely settled in the case of Cook v. State Farm Mutual Insurance Co.

The action of the lower court in dismissing the case insofar as the two insurance companies were concerned was correct.
Goodin, 241 Miss. at 865, 133 So.2d at 624. In McNeal, this Court affirmed Cook and stated:
The argument of the appellants in the instant case that we should follow the Louisiana law in the trial of this case is not well taken for two reasons. First, it may be said as a general rule in conflicts of law cases that foreign laws will not be given effect when to do so would be contrary to the settled policy of the forum.
McNeal, 254 So.2d at 524.
The U.S. Court of Appeals for the Fifth Circuit has also found Louisiana's direct action statute to be procedural in nature. Pearson v. Globe Indemnity Co., 311 F.2d 517, 518 (5th Cir.1962) ("Mississippi's law and policy are clear; the Louisiana Direct Action Statute does not operate extra-territorially in Mississippi."); Moore v. United Services Automobile Ass'n, 808 F.2d 1147, 1154 (5th Cir.1987) ("The right to maintain a direct action against an insurer... . is considered a remedial right and is, therefore, governed by the law of the forum... . Such an action is clearly barred by Mississippi law.").
*796 The trial judge correctly found the Louisiana Direct Action Statute to be procedural and therefore inapplicable in Mississippi and did not err in granting State Farm's Motion for Summary Judgment.

Issue B. Did the trial court erroneously deny the Fords uninsured motorist coverage and should it have granted Fords' Cross-Motion for Summary Judgment.

1.
As stated in "Issue A," each of the factors in the Boardman "center of gravity" test point towards applying Louisiana substantive law. Thus, this Court should apply Louisiana substantive law in determining if Ford was an uninsured motorist.
The Louisiana Uninsured Motorist Statute, La. Rev. Stat. Ann. § 22:1406(D)(1)(a)(i) (Supp. 1993), provides, in part, that coverage under its provisions is:
[f]or the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles. (Emphasis added).
In Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968), the Louisiana Supreme Court grappled with the issue of whether an action brought by an insured against his own uninsured motorist carrier was contractual or delictual (tortious) for purposes of prescription.[5] The Louisiana Court held that an action against an insured's own uninsured motorist carrier is a contractual claim governed by the ten-year prescriptive period. Booth, 218 So.2d at 584. Additionally, the court found that the fact that the plaintiff's tort claim against the tortfeasor and the tortfeasor's liability insurer had prescribed was of no consequence in regards to the plaintiff's claim against his own uninsured motorist carrier. The issue was the relationship between the plaintiff and his own uninsured motorist carrier. Id. at 583-84. See Stroud v. Liberty Mutual Ins. Co., 429 So.2d 492, 500 (La. App. 3 Cir.1983); Hoefly v. Government Emp. Ins. Co., 403 So.2d 853, 854-855 (La. App. 2 Cir.1981) rev'd 418 So.2d 575 (La. 1982); Griffin v. Armond, 358 So.2d 647, 648 (La. App. 1 Cir.1978). Thus, if the uninsured motorist insurance contract between the plaintiff and his own uninsured motorist carrier defines him as uninsured, then he can collect. Booth has been followed and expanded by Gremillion v. State Farm Mutual Auto Insurance Co., 302 So.2d 712, 715 (La. App. 3 Cir.1974) ("The innocent victim of an uninsured motorist is entitled to recover against the insurer even though the tortfeasor might have a procedural defense, in the Booth case, supra, prescription"). However, some Louisiana appellate courts have chosen not to follow Booth and its progeny.
In Alexis v. Lumbermens Mutual Casualty Co., 424 So.2d 506 (La. App. 5 Cir.1982), the plaintiffs sought to prove that because prescription barred tort recovery from the tortfeasor and his liability insurer, the car which hit them should be considered uninsured. The Court of Appeals found that Louisiana's uninsured motorist statute was clear that uninsured coverage only applied where the offending motor vehicle was uninsured or underinsured. As in the instant case, the tortfeasor's motor vehicle had sufficient liability insurance to cover the plaintiffs' injuries; if the plaintiff timely sued and proved liability, the plaintiff would have recovered from available insurance. According to the court, "[t]hat they failed to [timely sue] cannot now be urged as grounds to extend the uninsured motorist coverage beyond the limits mandated by statute." Id. at 507. Alexis has been followed by another Louisiana Court of Appeals in Beasley v. Butler, 499 So.2d 543, 546 (La. App. 2 Cir.1986) ("Prescription of the claim does not render the motorist uninsured."). Neither Alexis nor Beasley address Booth and Gremillion.

2.
Although Alexis is a case which is factually more similar to the case sub judice, Booth is a pronouncement of Louisiana's highest court and must be followed. Following Booth, this *797 Court looks solely to the language of the insurance contract between Ford and State Farm to determine whether Husers was an uninsured motorist.
The State Farm insurance policy defines an uninsured motor vehicle as:
1. a land motor vehicle, the ownership, maintenance or use of which is:
a. not insured or bonded for bodily liability at the time of the accident; or
b. insured or bonded for bodily injury liability at the time of the accident; but
(1) the limits of liability are less than required by the financial responsibility act of the state where your car is mainly garaged; or
(2) the insuring company denies coverage or is or becomes insolvent within one year after the accident; or
[the remaining part of this section deals with underinsured motorist coverage and "hit-and-run" coverage.]
Under the above definition of an uninsured motor vehicle, the Fords are precluded from recovery. First, Husers's car was insured, so Section (1)(a) does not inure to Fords' benefit. Second, whether the Fords are entitled to uninsured motorist coverage under the UM statute is controlled by interpretation of the Section (1)(b)(2) language, "the insuring company denies coverage." State Farm, as Husers's liability insurer, did not "deny" coverage. It raised a procedural defense which precluded recovery. The Fords had a right of action; they had no cause of action. If they had timely sued in Louisiana, they would have recovered. Under the facts of this case, this Court interprets the insurer's raising of the procedural defense of prescription as not constituting a "denial of coverage."
This Court is well aware of the principle that an ambiguous contract is construed against the drafter. In this case, however, the insurance contract was sufficiently clear. State Farm "denies coverage" only if it refuses to pay because it contests fault or believes its contract does not insure a particular factual scenario. Fords' claim against Husers was "covered;" they sued too late.

IV. CONCLUSION
The trial court acted under proper legal authority and the action in this case is affirmed.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J.
BANKS, J., not participating.
McRAE, Justice, dissenting:
Obligated by Boardman v. United Services Automobile Ass'n, 470 So.2d 1024 (Miss. 1985), to apply and interpret the substantive law of Louisiana in this case, the majority has lost sight of the point of the case now before us. Hopefully these blinders will be removed, because it appears that the core issue before us is whether the circuit court properly granted State Farm's motion for summary judgment and denied Ford's cross-motion for summary judgment. A careful review of the record reveals disputed facts regarding the extent of Husers' liability coverage and her status as an uninsured motorist and the extent of Ford's damages as well as her willingness to co-operate with State Farm after the lawsuit was filed in Mississippi. These are genuine issues of material fact which should have been determined by a jury and not disposed of through summary judgment. Accordingly, I dissent.
Notwithstanding that the parties are Louisiana residents and the incident which led to this appeal occurred in Louisiana, the facts of this case present an interesting twist. On February 16, 1987, Husers negligently backed her vehicle into the parked car in which Ford was sitting. Whether State Farm compensates Ford under her uninsured motorist policy or under Husers' liability policy, there is no question that it is obligated to pay since, at the time of the accident, both Ford and Husers were insured by State Farm. Husers carried a liability insurance policy with State Farm which paid Ford's property damage claim; however, it *798 did not pay the bodily injury claim. State Farm thus admitted liability for compensating Ford for the damages she suffered. Ford also had uninsured motorist and medical payment policies with State Farm. By its inaction on Ford's personal injury claims, State Farm also impliedly admitted its liability under her uninsured motorist policy. The focus of our inquiry, therefore, belongs on those contracts between Ford and State Farm. Her Louisiana tort claim against Husers dismissed on her own motion, Ford elected to seek further recovery of damages from State Farm under her uninsured motorist policy. Under Louisiana law, this is a contract claim governed by a ten-year prescriptive period or statute of limitations set forth in La. Civ. Code Ann. art. 3544. Booth v. Fireman's Fund Insurance Co., 253 La. 521, 218 So.2d 580, 584 (1969). See also Thomas v. Employers Mutual Fire Insurance Co., 253 La. 531, 218 So.2d 584 (1969) ("For the reasons assigned in ... Booth ... recognizing that the one-year prescription under Civil Code Article 3536 is not applicable and that the 10-year prescription under Civil Code Article 3544 is controlling, the judgment below is reversed....) Because the claim is brought under a contract theory separate and distinct from the tort action, any statute of limitations defense which could be raised by the tortfeasor, Husers, does not inure to the insurer, State Farm. Id.
To prevail in her claim, Ford must show that she is "legally entitled to recover" from the tortfeasor, which the Louisiana Supreme Court has interpreted to mean that "the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." Booth, 218 So.2d at 583. Under Booth, she need not have ever filed a tort action against Husers or obtained a judgment. Id. In essence, all she must show was that she was involved in an accident caused by an uninsured motorist and, as a result, suffered damages. It is undisputed that the accident was caused by Husers' negligence. The big question, however, is whether Husers was an uninsured motorist.
State Farm asserts that Husers had an automobile liability policy providing $100,000.00 in coverage as well as a $2,000,000.00 umbrella policy. In the record before us, there is no sworn proof that either policy was in effect at the time of the accident. Ford contends that Husers had only $100,000.00 in liability coverage. Because this appeal arises from a summary judgment, we must look at the evidence in a light most favorable to Ford, the non-moving party. If Husers was not uninsured, there is the further question of whether she was an underinsured motorist. Under any simple uninsured motorist claim, these questions would have been given to a jury to determine. Moreover, even if Husers has in force the full $2,100,000.00 liability coverage, she may be uninsured as a matter of law because of the one-year statute of limitations which is exclusive to her. La. Civ. Code Ann. art. 3536. See Booth, 218 So.2d at 583-584. Further, as we recognized in Valley Forge Insurance Co./CNA Insurance Co. v. Strickland, 620 So.2d 535 (Miss. 1993), Louisiana law does not permit subrogation until after the injured insured is made whole. Whether these factors would operate to render Husers uninsured is probably a question of first impression best left to the determination of the Louisiana courts.
In addition to the questions of fact and law which surround Husers' status as an uninsured motorist, the extent of Ford's damages has not been determined. They are, in fact, disputed. Ford claims $46,000.00 in medical bills as well as pain and suffering, issues of fact which are generally left to a jury to decide. The contested issues of damages and Husers' status are material to Ford's case and should have precluded summary judgment.
State Farm listed three bases for its motion for summary judgment: (a) that Ford failed to co-operate with the insurer after the Mississippi lawsuit was filed in 1990, and thus did not satisfy conditions precedent to coverage; (b) that her claims are barred by "the applicable statute of limitations;" and (c) that Husers' vehicle was not uninsured at the time of the accident. In the alternative, State Farm requested that the claim be held in abeyance until Ford complied with her obligations under the policy. Ironically, since the burden is on the moving party to *799 show that there are no disputed issues of material fact, State Farm instead raises disputed issues by charging that Ford failed to co-operate and asserting, without proof, that the Husers' vehicle was not uninsured. Moreover, State Farm argues on one hand that an unspecified statute of limitations had run and, on the other, waives that defense by asking the court to hold the case in abeyance until Ford complies with its policies. Presumably it is referring to the one-year tort statute of limitations which is personal to Husers and not to State Farm pursuant to Booth.
Ford, in her response to State Farm's motion, denied the insurer's allegations that she had failed to co-operate, as well as other "facts" propounded. Clearly, there were issues of material fact in dispute which should have been resolved by a jury. In her cross-motion, she asked for aggregation of her medical payments policy in the amount of $7,000.00 as well as aggregation of her uninsured motorists coverage in the amount of $110,000.00.
The circuit court granted State Farm's motion for summary judgment and dismissed the lawsuit with prejudice. Further, Ford's cross-motion for summary judgment was denied. No findings of fact were made nor did the circuit judge elaborate upon the reasoning of his order. There is no indication of whether Mississippi or Louisiana law was applied. In a letter to the parties' attorneys, prepared in lieu of a clarifying order, which is not, in effect, part of the record, the circuit judge acknowledged only that Ford's motion was denied because the language in her insurance contracts forbade the stacking of her medical payments coverage.[1] The circuit judge made no mention of Ford's uninsured motorist claims or any of the other issues raised in the parties' motions for summary judgment which are now before us, nor does the record indicate that he ever considered them. Costs and prejudgment interest on the $5,000.00 medical payments check finally tendered to Ford as a result of the motions were not even discussed. Stating that no further orders were required, the circuit court concluded that "[t]he record taken as a whole will reflect what transpired." The record, however, reveals little. Under M.R.C.P. Rule 56(d), the case should be remanded for trial.
The majority's foray into the nuances of Louisiana uninsured motorist law illustrates just how fast this UM Tar Baby can snowball. I leave my own questions about the applicability of Louisiana's direct action statute for another day and simply state that because there exist genuine issues of material fact, summary judgment should not have been granted. Accordingly, I dissent.
DAN M. LEE, P.J., joins this opinion.
NOTES
[1] In Louisiana, "statute of limitations" is referred to as "prescription" or the "prescriptive period."
[2] Under the present law, the instant action would be barred by Miss. Code Ann. § 15-1-65 (Supp. 1993):

When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitations shall apply.
However, Section 15-1-65 "shall apply only to cause of action accruing on or after July 1, 1989." Editor's Note-Section 7 of Laws, 1989, ch. 311. This automobile accident occurred February 16, 1987.
[3] Miss. Code Ann. § 15-1-49 (1972) was amended in 1989 to reduce the six (6) year statute of limitations to a period of three (3) years. However, because the cause of action accrued in this case before July 1, 1989, the six (6) year period applies.
[4] La. Rev. Stat. Ann. § 22:655 (1989) provides, in part:

B.(1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons; or
(e) When the insurer is an uninsured motorist carrier.
.....
(2) This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
C. It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.
D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy.
[5] Louisiana has a ten year statute of limitations on contract actions and only a one year statute of limitations on tort actions.
[1] The policy covering the vehicle in which Ford was injured had a $5,000.00 medical payments provision. A second vehicle owned by the Fords had medical payments coverage of $2,000.00. Ford sought to aggregate those policies. State Farm tendered a check for $5,000.00 on August 23, 1990.