691 So.2d 279 (1997)
George GRELLE, II
v.
Peter YOUNGBLOOD, IV, et al.
No. 96-CA-2210.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1997.
Rehearing Denied April 15, 1997.
*280 Gregory S. Duhy, Chalmette, for Plaintiff/Appellant.
David P. Salley, Glen E. Mercer, Sessions & Fishman, L.L.P., New Orleans, for Defendant/Appellee.
Before SCHOTT, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff George Grelle appeals a summary judgment rendered in favor of defendant State Farm Automotive Insurance Company (hereinafter "State Farm"), Mr. Grelle's uninsured/ underinsured motorist (hereinafter "UM") insurer. We affirm.
This case arises out of an automobile accident which occurred on July 30, 1992, in St. Bernard Parish between vehicles driven by Mr. Grelle and defendant Peter Youngblood, a delivery driver for Pizza Hut. Mr. Grelle was proceeding in a westerly direction along Louisiana Highway 39 near Todd Drive. Mr. Youngblood approached Mr. Grelle's vehicle from behind and attempted to pass him by moving into the left lane and accelerating. The accident occurred when Mr. Grelle, turning left onto Todd Drive, struck Mr. Youngblood's vehicle as it attempted to pass.
On September 8,1993, Mr. Grelle filed suit against Mr. Youngblood; Liberty Lloyds Insurance Company (hereinafter "Liberty Lloyds"), Mr. Youngblood's insurer; Lundy's Enterprises d/b/a Pizza Hut (hereinafter "Lundy's"); St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"), Lundy's insurer; and State Farm, Grelle's UM insurer. Mr. Grelle's claims against Mr. Youngblood, Liberty Lloyds, Lundy's, and St. Paul were subsequently dismissed as prescribed.
Thereafter, Mr. Grelle's UM insurer, State Farm, filed a motion for summary judgment, seeking a judgment that it is entitled to a credit for the first $1,000,000 of any judgment in favor of Mr. Grelle. The basis of State Farm's motion was the fact that both Mr. Youngblood and Lundy's were insured at the time of the accident, and that they would not have become "underinsured" until their policy limits had been extinguished. The limit on Mr. Youngblood's Liberty Lloyds policy was $10,000, while the limit on Lundy's St. Paul policy was $990,000, for a total of $1,000,000. On July 20, 1995, the trial court granted State Farm's motion for summary judgment, finding that Mr. Grelle's UM coverage would be available only after the $1,000,000.00 policy limit of the dismissed defendants Liberty Lloyds and St. Paul had been depleted.
Mr. Grelle appeals, claiming that the trial court erred in the following ways: (1) by considering uncertified exhibits attached to State Farm's motion for summary judgment, (2) by finding no genuine issue of material fact, and (3) by finding that State Farm is entitled to judgment as a matter of law.

Standard for determining motion for summary judgment
The standard for reviewing a motion for summary judgment was recently stated by this court in Daniel v. Blaine Kern Artists, *281 Inc., 96-1348 (La.App. 4th Cir. 9/11/96) 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934, as follows:
Appellate courts review summary judgments de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, deposition, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B).
681 So.2d at 20, quoted in Oakley v. Thebault, 684 So.2d 488, 489-90 (La.App. 4th Cir.1996):
If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Walker v. Kroop, 96-0618 (La. App. 4th Cir. 7/24/96), 678 So.2d 580, 584; Oakley, 684 So.2d at 490. Thus, the burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Walker, 678 So.2d at 584; Oakley, 684 So.2d at 490. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
This court has previously gone on record to say that the 1996 amendments to La. C.C.P. art. 966(C) do not change the existing law concerning genuine issues of material fact and burdens of proof applied to a summary judgment proceeding. See Daniel, 681 So.2d at 20-21; Walker, 678 So.2d at 583-84; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, 253. However, the amendment did make a change in the law to the extent that it now proclaims that summary judgments are "favored" and thus the rules should be liberally applied, which requires courts to change their attitudes when reviewing motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the oppositethat summary judgment were not favored and thus should be strictly construed. Oakley, 684 So.2d at 490. The language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Id.
Moreover, once a party seeking a summary judgment properly supports the motion and carries his burden of proof, the new law requires the non-moving party who opposes the motion for summary judgment to submit evidence showing the existence of specific facts establishing a genuine issue of material fact, effectively shifting the burden of proof to the non-moving party as does the federal rule. Id. This creates a problem because La. C.C.P. art. 966(G) declares that "notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." Id. The effect of the amendment, however, is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment. Id.

Competence of evidence
First, Mr. Grelle challenges the trial court's decision to consider exhibits, which were filed in the record and attached to State Farm's motion, in deciding the motion for summary judgment. These exhibits include an excerpt from Mr. Youngblood's deposition and portions of the St. Paul insurance policies and declaration sheets. Mr. Grelle claims that the exhibits were not competent evidence because they were not verified or authenticated.
We find no merit in Mr. Grelle's arguments on this issue. The excerpt from Mr. Youngblood's deposition was attached to the defendant's motion for summary judgment *282 and filed into the record and was properly considered by the trial court. A court is allowed to consider excerpts from depositions filed in the record in connection with a motion for summary judgment, despite the fact the entire depositions were not filed. Barnett v. Staats, 631 So.2d 84, 88 (La.App. 2d Cir.1994). In fact, excerpts from depositions are regularly attached to motions for summary judgment.
The same rule applies to uncertified copies of insurance policies and declaration sheets which are filed in the record. This court has previously held in Lala v. Schoen Life Insurance Co., 342 So.2d 1283 (La.App. 4th Cir.1977) as follows: "The fact that the insurance policy specimen is uncertified standing alone is not necessarily fatal to the judgment." Id. at 1284, citing Nemeroff v. Dolphin Swimming Pool Co., 306 So.2d 94 (La.App. 4th Cir.1974). In the instant case, Mr. Grelle does not contest the authenticity of the St. Paul insurance policy attached to State Farm's motion for summary judgment, but simply raises a technical objection based on competence of the evidence. Because nothing in the record calls the authenticity of the policy into question, we find that the policy excerpts are competent evidence and therefore were properly considered by the trial court in deciding the motion for summary judgment in State Farm's favor.

Genuine issues of material fact
Second, Mr. Grelle claims that the trial court judgment granting the motion for summary judgment is improper because of the existence of the following alleged remaining genuine issues of material fact: (1) whether Mr. Youngblood was in fact employed by Lundy's at the time of the accident, (2) whether Mr. Youngblood was covered by the St. Paul insurance policy, and (3) whether the UM insurance in his State Farm policy requires State Farm to pay all of his damages over $1,000 (the deductible on his UM policy) because "other collectible insurance does not exist."
However, the exhibits attached by State Farm to its motion for summary judgment resolve all the alleged factual issues raised by Mr. Grelle. Mr. Youngblood testified by deposition that he was delivering a pizza, in the scope of his employment, at the time of the accident. This testimony is uncontroverted in the record as it stands. Mr. Youngblood did say that his manager punched out for him sometime after the accident when he was unable to return to his employment duties because of the accident. That statement, however, does not affect the fact that Mr. Youngblood was within the course and scope of his employment at the time of the accident.
Moreover, Mr. Youngblood was covered under the policy issued to Lundy's by St. Paul, which insured Lundy's business operations. The insurance policy contained a provision, entitled "Liability Protection for Autos You Don't Own," which includes the following statement:
we'll cover autos you don't own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or personal affairs.
As we have already held that the evidence presented in support of the motion for summary judgment is sufficient to prove that Mr. Youngblood was within the course and scope of his employment at the time of the accident giving rise to the damages in question, we find that Mr. Youngblood's automobile was covered for the accident in question by the above provision of the St. Paul policy issued to Lundy's.
Finally, we find no remaining genuine issues of material fact concerning Mr. Grelle's UM coverage under the State Farm policy. Mr. Grelle claims that Mr. Youngblood and Lundy's should be considered uninsured for purposes of determining coverage under the UM provisions of his policy with State Farm. The exact same contention urged by Mr. Grelle has been rejected by another Louisiana court. See Alexis v. Lumbermens Mutual Casualty Co., 424 So.2d 506 (La.App. 5th Cir.1982). We agree with the reasoning of the Louisiana Fifth Circuit Court of Appeal in Alexis. UM coverage applies only "where the offending motor vehicle is uninsured or underinsured," not *283 when the plaintiff simply fails to sue in time to recover under existing insurance. Id. at 507.
Also in support of his argument that Mr. Youngblood was uninsured at the time of the accident, Mr. Grelle points out that Mr. Youngblood's insurer became insolvent within a year of the accident in question. However, that fact is immaterial to this analysis. Mr. Youngblood was unquestionably an insured motorist at the time of the accident. If Mr. Grelle had filed suit timely, he could have recovered from the Louisiana Insurance Guaranty Association, despite his insurer's insolvency. Mr. Grelle cannot now make Mr. Youngblood an uninsured motorist simply to allow him to recover under his UM policy.

Entitlement to judgment as a matter of law
In the instant case, the evidence attached to State Farm's motion for summary judgment was sufficient to prove that State Farm is entitled to judgment as a matter of law. State Farm proved that Mr. Grelle could have recovered up to $990,000 under the St. Paul policy insuring Lundy's and that he could have recovered up to $10,000 under the Liberty Lloyds policy insuring Mr. Youngblood. Thus, we find that State Farm met its burden to establish a prima facie case in support of its motion for summary judgment. State Farm has presented sufficient evidence to prove that it is entitled to a $1,000,000 credit against any judgment in favor of Mr. Grelle.
Thus, the burden shifted to Mr. Grelle to present sufficient evidence to overcome State Farm's proof by submitting evidence showing the existence of specific facts establishing a genuine issue of material fact. Oakley, 684 So.2d at 490. The only evidence attached to the opposition to the motion for summary judgment filed by Mr. Grelle were documents which proved that Liberty Lloyds became insolvent within a year of the accident in question. However, as discussed above, that fact has no bearing on the controversy presented by the motion for summary judgment in this case. Thus, Mr. Grelle failed to carry his burden to overcome the prima facie case established by State Farm. Accordingly, State Farm's motion for summary judgment must be granted.

Conclusion
The trial court judgment granting the motion for summary judgment in favor of State Farm, giving State Farm a $1,000,000 credit against any judgment in favor of Mr. Grelle is affirmed.
AFFIRMED.