726 So.2d 468 (1999)
Arthur B. BECNEL and Barbara C. Becnel
v.
Aaron A. STEIN, State Farm Mutual Automobile Insurance Company and Louisiana Farm Bureau.
No. 98-CA-951
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*469 John H. Carmouche, Donald T. Carmouche, Victor L. Marcello, Gonzales, Attorneys for Appellee.
James S. Thompson, Dan Richard Dorsey, New Orleans, Attorneys for Appellant Louisiana Farm Bureau Casualty Insurance Company.
Matthew W. Pryor, Timothy E. Pujol, Gonzales, Attorney for Appellants Aaron Stein and State Farm Mutual Automobile Insurance Company.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and MARION F. EDWARDS.
EDWARDS, Judge.
Appellant Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") appeals a judgment of the District Court finding it liable for interests and court costs. We reverse in part.
Plaintiffs Arthur and Barbara Becnel filed suit in the 23rd Judicial District Court for injuries received as a result of an automobile accident in October, 1995. The petition alleged that defendant Aaron A. Stein was intoxicated when he ran his vehicle into the Becnel auto. Stein, along with his insurer State Farm Mutual Automobile Insurance Company ("State Farm"), and Louisiana Farm Bureau, ("Farm Bureau") plaintiffs' uninsured/underinsured motorist carrier, were named as defendants.
Arthur Becnel settled his claims and dismissed his portion of the suit against the defendants. The record shows that settlement between Mr. Becnel and State Farm was for the maximum "per person" policy amount of $50,000.00. All parties then agreed to submit to binding arbitration to dispose of the remaining claims of Barbara Becnel. The record indicates, and the parties acknowledge, that the remaining State Farm policy limits applicable to Mrs. Becnel were $50,000.00. The trial court found, and all parties concede, that State Farm and Mrs. Becnel agreed to a "high/low" arbitration, in which those parties privately concurred that State Farm would pay no more than $50,000 and no less than $8,000.00. Plaintiff, on appeal, also urges that she and Farm Bureau had a similar arrangement with a high/low figure of $ 0.00/$25,000.00. However, such arrangement is not of record. The arbitrator was unaware of the above figures. Further, there was no agreement between any of the parties regarding interest.
Following arbitration proceedings, Mrs. Becnel was awarded $10,000 for general damages (pain and suffering), $210.00 in lost wages, $3,967.78 special damages and $35,000.00 punitive damages, for a total award of *470 $49,177.78, plus interest and costs. These amounts are not contested on appeal. Plaintiff filed a motion to confirm the arbitration award against both State Farm and Farm Bureau. The defendants filed memoranda in opposition, both contesting the issue of which defendant was liable for the interests and costs ordered by the arbitrator. State Farm urged that its agreement obligated it to a maximum payment of $50,000.00, and that it had tendered that amount to plaintiff. Farm Bureau argued that because the award was within the policy limits, that State Farm was liable for interest and costs as per the insurance contract.
Following a hearing on the matter, the trial court ruled that State Farm was not responsible for costs and interests on the award, and that any such amount should be borne by Farm Bureau. It is from this judgment that Farm Bureau appeals.
The object of the uninsured/underinsured motorist statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987); Herman v. Rome, 95-666 (La.App. 5th Cir. 1/17/96), 668 So.2d 1202. A negligent motorist is considered an "uninsured" motorist when the damages to the plaintiff exceed the liability coverage on the negligent motorist's vehicle. Williams v. State Farm Mut. Auto. Ins. Co., 524 So.2d 851 (La.App. 3rd Cir. 1988). The statute is clear that UM coverage applies only "where the offending motor vehicle is uninsured or underinsured." Alexis v. Lumbermens Mut. Cas. Co., 424 So.2d 506, (La.App. 5th Cir.1982); Grelle v. Youngblood, 96-2210 (La.App. 4th Cir. 3/26/97), 691 So.2d 279. The uninsured motorist carrier has no obligation to pay any portion of an injured insured's damages within the underinsured tortfeasor's liability policy limits. Rather, the uninsured motorist carrier is only obligated to pay those damages which exceed the policy limits of the motor vehicle liability policy and which are within the uninsured motorist policy limits. Niemann v. Travelers Ins. Co., 368 So.2d 1003, 1007 (La.1979); Rizer v. American Sur. and Fidelity Ins. Co., 669 So.2d 387 (La.1996). The uninsured motorist carrier's liability is conditioned upon exhausting the liability carrier's policy limits. Rizer v. American Sur. and Fidelity Ins., supra.
Because the award in the present case was within the policy limits of the tortfeasor, Stein was not underinsured so as to trigger Farm Bureau's policy. Under the clear wording of both R.S. 22:1406(D) and its interpretive jurisprudence, UM coverage does not apply to the arbitration award.
Our examination of the record discloses that the court correctly found that State Farm was, under the evidence submitted, obligated to pay no more than the $50,000.00 which it agreed to pay as the higher limits of the arbitration agreement. We agree that the terminology of the particular arbitration documents operates so as to limit State Farm's exposure in these proceedings to that maximum amount. Because the arbitrator's award included assessment of interest and costs, State Farm is liable to the plaintiff for any interest and costs up to the maximum of $50,000.00.
For the foregoing reasons, the judgment is reversed insofar as it casts Farm Bureau in judgment. We affirm that portion of the judgment finding that State Farm is liable to pay no more than $50,000.00 as per the agreement, and hold that State Farm is to pay such interest and costs on the arbitrator's award up to the maximum amount of $50,000.00.
REVERSED IN PART AND AFFIRMED IN PART.