# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0594


**GRACE PALM, ET AL.**

**VERSUS**

**BELINDA STEWART, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 204,822
HONORABLE WILLIAM ROSS FOOTE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ned E. Doucet  Jr., Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

**AFFIRMED.**


**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**(318) 443-4090**
**Counsel for Defendant/Appellee:**
**    State Farm Mutual Auto Insurance Company**


**Christopher J. Roy, Jr.**
**P. O. Box 1592**
**Alexandria, LA 71309-1592**
**(318) 487-9537**
**Counsel for Secondary Plaintiff/Appellant:**
**    Grace Palm**
**    Ellean Dukes**

**John Tucker Kalmbach**
**Cook, Yancey, King & Galloway**
**P. O. Box 22260**
**Shreveport, LA 71120-2260**
**(318) 227-6266**
**Counsel for Plaintiff/Appellant:**
    **Government Employees Insurance Co.**
    **Grace Palm**

**DECUIR, Judge.**

Plaintiffs appeal a judgment of the trial court granting the defendant's motion for summary judgment. At issue, is whether Texas or Louisiana law should be applied in this case. For the reasons that follow, we affirm.

### FACTS

On February 25, 2001, Adrianne Bennett, a Texas resident, rented a car from Alamo Rent-A-Car in Dallas, Texas. Bennett permitted Mike Hudson, also a Texas resident, to drive the car. Hudson drove the car to Alexandria, Louisiana where he in turn permitted Belinda Stewart, a Louisiana resident, to drive the car. On March 8, 2001, Stewart was involved in an accident while driving the rental car. Stewart collided with a vehicle driven by Grace Palm. Both Palm and her guest passenger, Ellean Dukes, are Louisiana residents. At the time of the accident, Bennett was insured by a State Farm liability policy, issued and delivered in Texas, which covered her Mitsubushi Galant. Palm was insured by GEICO.

On June 26, 2001, Palm and Dukes filed suit against Stewart and State Farm. Thereafter, GEICO, as Palm's subrogee, and Palm individually, filed suit against Stewart and State Farm to recover amounts paid under GEICO's uninsured/underinsured motorist policy, in addition to Palm's deductible. State Farm filed a motion for summary judgment contending that there was no coverage for the rental vehicle under its policy and that La.R.S. 22:1406(F) mandating coverage for rental vehicles did not control because Louisiana law does not apply. The trial court granted State Farm's motion for summary judgment and the plaintiffs lodged this appeal.

### CHOICE-OF-LAW

The plaintiffs contend that the trial court erred in concluding that Texas law applied and in granting the motion for summary judgment. We disagree.

At the outset, we note that on appeal summary judgments are reviewed *de novo*. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id*. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. *Id*. Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id*. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

Turning first to the issue of coverage, we note that State Farm's policy provides coverage for unowned vehicles while used as a temporary substitute while the covered vehicle is out of normal use due to breakdown, repair, service, loss, or destruction. At all pertinent times, Bennett continued to use her covered Mitsubushi Galant. State Farm and the plaintiffs agree that the policy does not provide coverage on its face. We agree with that assessment.

The plaintiffs, however, contend that coverage is mandated by La.R.S. 22:1406(F), which provides:

F. Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, *shall extend to* temporary substitute motor vehicles as defined in the applicable insurance policy and *rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies.* Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.

(Emphasis added.)

State Farm contends that Louisiana law does not apply and that Texas has no provision mandating coverage for rental vehicles. All parties agree that the outcome of the case turns on the choice of law question. Accordingly, we will turn our attention to the choice of law issue.

It is has been argued that, perhaps due to the paucity of cases, the courts of this state often improperly address choice of law issues. *See* Weintraub, Russell, *Courts Flailing in the Waters of the Louisiana Conflicts Code: Not Waving but Drowning,* 60 La.L.Rev. 1365 (2000). Specifically, courts have been criticized for failing to first determine that there is in fact a difference in the law of the two jurisdictions and whether any such difference affects the outcome of the case. *Id.* Undoubtedly, this should be a critical first test.

In this case, the parties agree, and our research reveals, that there is no statute mandating coverage for rental vehicles in Texas law. Accordingly, we find that Louisiana and Texas law differ on the issue of mandatory coverage for rental vehicles and that this difference is critical to the outcome of this case.

Louisiana courts are also criticized for resorting to the conflict of law articles when a specific statutory choice-of-law rule is applicable. Weintraub, 60 La.L.Rev. 1365. Louisiana Civil Code Article 14 provides:

*Unless otherwise expressly provided by the law of this state*, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of this Code.

(Emphasis added.)

In this case, the plaintiffs cite numerous cases involving uninsured/underinsured motorists and the choice of law issues. In some of these cases, the courts read La.R.S. 22:1406(D)(1)(a)(iii) to be a choice-of-law rule mandating the application of Louisiana law while others resorted to choice of law analysis in spite of the statutory provision. The latter cases are the source of some of the criticism leveled at the courts. Weintraub, 60 La.L.Rev. 1365

As State Farm aptly points out, this is not an uninsured/underinsured motorist issue and La.R.S. 22:1406(D)(1)(a)(iii) has no application here as it is limited by its language to subparagraph (D) dealing with uninsured/underinsured motorist coverage. Neither party has alleged, nor do we find, any specific statutory choice-of-law rule applicable to this case. Accordingly, we now turn to the choice-of-law analysis provided for in the Louisiana Civil Code.

La.Civ.Code art. 3515 provides:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La.Civ.Code art. 3537 provides:

Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

4

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

The two articles are intended to be read together. *See* La.Civ.Code art. 3537, Comment (c). The objective of the articles is to identify "the state whose policies would most seriously be impaired if its laws were not applied to [the] issue [to be resolved]." La. Civ.Code Arts. 3515 and 3537. This objective is achieved through an issue-specific analysis of the policies of each of the two states, the first step in which process is to identify the relevant policies of the laws in two states.

In this case, the trial court found that Texas was the state whose policies would be most seriously impaired if its laws were not applied to the issues in this case. The plaintiffs argue that Louisiana law should have been applied because Stewart, Palm and Dukes are all Louisiana residents and the accident occurred in Louisiana. State Farm responds that the car was rented in Texas, the policy of insurance was issued and delivered in Texas and its policyholder, Bennett, resides in Texas.

The type of contract involved here is an insurance contract. Texas clearly has a legitimate interest in regulating insurance contracts delivered to and insuring activities of Texas residents. Louisiana has no such interest.

Louisiana has an interest in promoting full recovery for innocent accident victims. This interest is predicated on economic interests including medical care as well as the involvement of the facilities and time of our courts. These issues are the very issues underlying Louisiana's legislation mandating UM coverage. *Martin v. Champion Ins. Co.,* 95-0030 (La. 6/30/95), 656 So.2d 991.

5

In this case if Louisiana law is applied, the Texas insurance contract will be, in effect, rewritten to provide liability coverage for a situation the actual contract had excluded. Thus, Louisiana would be abrogating a Texas insurance contract. If Texas law is applied, Palm will be unable to recover her deductible but, because she availed herself of the offer of UM coverage required by Louisiana law, she recovered her damages from GEICO. Thus, Louisiana's interest is mitigated by Palm's recovery under her GEICO UM policy. GEICO will be unable to recover its UM payments to Palm. However, Louisiana's interest in GEICO's recovery is mitigated by the fact that GEICO received premiums for its UM coverage.

Accordingly, we find that because the mandatory UM coverage provision of Louisiana worked as intended, the issues concerning Louisiana have been adequately addressed. We do not believe that any remaining interest of Louisiana is sufficient to override the compelling interest Texas has in regulating insurance contracts written in Texas and issued to Texas residents. Thus, the policies of Texas are more seriously impaired by the application of Louisiana law than Louisiana's would be by the application of Texas law. We find no error in the trial court's determination that Texas law should be applied in this instance and that State Farm was entitled to summary judgment.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of State Farm is affirmed. All costs of these proceedings are taxed to GEICO.

**AFFIRMED.**