STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

BILLIE JEAN GILBERT AND
JOSEPH GILBERT

VERSUS

MARLOW REYNOSO, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-4670-G
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Ian A. MacDonald
P.O. Box 3408
Lafayette, LA 70502
Counsel for Defendant-Appellee:
    Progressive County Mutual Insurance Company

P. Craig Morrow, Jr.
Patrick C. Morrow
P.O. Drawer 1787
Opelousas, LA 70571
Counsel for Plaintiffs-Appellants:
    Billie Jean Gilbert and Joseph Gilbert

Marlow Reynoso, In Proper Person
10201 Harwin, No. 310
Houston, TX 77036
Defendant- Appellee:
    Marlow Reynoso

**PAINTER, Judge.**

Plaintiffs, Billie Jean Gilbert and Joseph Gilbert, appeal the trial court's judgment granting a motion for summary judgment in favor of Defendant, Progressive County Mutual Insurance Company. Finding that there is no genuine issue of material fact with respect to the Progressive policy's exclusion of Marlow S. Reynoso from coverage, we affirm the ruling of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2003, Gladys Hernandez ("Hernandez"), a Texas resident, submitted an application for automobile insurance with Progressive County Mutual Insurance Company ("Progressive") with respect to a 1989 Honda Accord DX and a 1995 Lincoln Towncar EX. Hernandez and her boyfriend/common law husband, Marlow S. Reynoso ("Reynoso") were listed as drivers on the policy. However, on May 1, 2002, Hernandez, as the policy owner, deleted the Lincoln Towncar from the policy and executed a form to exclude Reynoso as a driver under the policy. The form executed by Hernandez was approved and authorized by the Texas Department of Insurance and provided as follows:

**515A.  EXCLUSION OF NAMED DRIVER AND PARTIAL REJECTION OF COVERAGES**

This endorsement forms a part of Policy No. <u>38010526-0</u> issued to <u>Gladys V. Hernandez</u> by the <u>Oscars Ins. Agency</u> (Name of Insurance Company) at its Agency located (city and state) <u>Houston Texas</u> and is effective from <u>2:20 p.m.</u> (12:01 A.M. Standard Time). (The information above is required only when this endorsement is issued subsequent to preparation of the policy.) This endorsement forms a part of the policy to which attached, effective from its date of issue unless otherwise stated herein.

WARNING
READ THIS ENDORSEMENT CAREFULLY!

This acknowledgment and rejection is applicable to all renewals issued by us or any affiliated insurer. However, we must provide a notice with each renewal as follows: "This policy contains a named driver exclusion."

1

You agree that none of the insurance coverages afforded by this policy shall apply while <u>Marlon Reynoso</u> (The Excluded Driver) is operating your covered auto or any other motor vehicle. You further agree that this endorsement will also serve as a rejection of Uninsured/Underinsured Motorists Coverage and Personal Injury Protection Coverage while your covered auto or any other motor vehicle is operated by the excluded driver. Acknowledged by <u>(s) Gladys Hernandez</u> (Your signature). By <u>(s) Oscar A. Rivas</u> (Duly Authorized Representative).

FORM 515A - EXCLUSION OF NAMED DRIVER AND PARTIAL REJECTION OF COVERAGES Texas Standard Automobile Endorsement Prescribed March 18, 1992.

Hernandez's insurance agent communicated this information to Progressive on May 1, 2002 and Progressive issued the changed policy reflecting the deletion of the Lincoln Towncar and excluding Reynoso as a driver effective May 2, 2002. Attached and made a part of that policy was Form 515A, as it appears above.

On July 4, 2002, Reynoso drove the Honda Accord to Calcasieu Parish, Louisiana, and was involved in an automobile accident with Billie Jean Gilbert and Joseph Gilbert ("the Gilberts"). Ms. Gilbert was driving and Mr. Gilbert was a passenger. The Gilberts filed suit in the Fourteenth Judicial District Court for personal injuries and property damages allegedly sustained in the accident. Reynoso and Progressive were named as defendants. Progressive answered the suit and asserted that it did not provide coverage for this accident based on the exclusion of Reynoso as a driver executed by the policy owner, Hernandez. Progressive then moved for summary judgment and said motion was granted by the trial court. Plaintiffs lodged this appeal, asserting that the trial court erred in finding that Reynoso was an excluded driver under the terms and conditions of the policy since the exclusion form signed by Hernandez was not dated. Plaintiffs further contend that Louisiana law rather than Texas law applies and that parole evidence cannot be used to alter the written document. For the following reasons, we disagree with Plaintiffs

2

and affirm the ruling of the trial court granting summary judgment in favor of Progressive.

## DISCUSSION

At the outset, we note that Appellate courts review summary judgments *de novo*, under the same criteria which govern the district court's consideration of the appropriateness of summary judgment. *Jones v. Estate of Santiago*, 03-1424 (La. 04/14/04), 370 So.2d 1002; *Glod v. Baker*, 04-1483 (La.App. 3 Cir. 3/23/05), 899 So.2d 642. Thus, we must determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). If the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim and the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, judgment should be rendered in favor of movant. *Palm v. Stewart*, 03-594 (La.App. 3 Cir. 11/5/03), 858 So.2d 790.

In this case, the inquiry on *de novo* review involves four questions: (1) whether Texas or Louisiana law governs; (2) whether the exclusion is valid; (3) whether the exclusion applies to the facts of this case; and (4) whether there are any genuine issues of material fact precluding summary judgment.

Turning first to the issue of whether Louisiana or Texas law applies, we note that the critical first test is whether there is, in fact, a difference in the law of the two jurisdictions and whether any such difference affects the outcome of the case. *Palm*, 858 So.2d 790. Plaintiffs contend, without citation to authority or giving any other reason, that Louisiana law applies but further contend that even if Texas law applies, it recognizes that parole evidence cannot be used and that its standards governing

3

summary judgments are similar to those of Louisiana law. Defendants, on the other hand, contend that Texas law applies because the insurance policy at issue was issued and delivered to Hernandez, a Texas resident, for a vehicle registered and garaged in Texas. *See Beasley v. Butler*, 499 So.2d 543 (La.App. 2 Cir. 1986) and *Gates v. Clairet*, 945 F.2d 102 (5th Cir. 1991).

In both Louisiana and Texas, a named insured, such as Hernandez, is free to exclude a specific driver by written agreement. La.R.S. 32:900(L); V.A.T.S. Ins. Code, Art. 5.06. In Texas, that exclusion must be executed on a form approved by the State Board of Insurance and made a part of the policy. V.A.T.S. Ins. Code, Art. 5.06, *Safeway Managing Gen. Agency for State and County Mut. Fire Ins. Co. v. Cooper*, 952 S.W. 2d 861 (Tex.Civ.App. - Amarillo 1997). Neither state requires that the form be dated and neither state requires that the excluded driver sign the agreement. La.R.S. 32:900(L); V.A.T.S. Ins. Code, Art. 5.06. Plaintiffs also contend that the exclusion is problematic in that Reynoso was the owner of the vehicle which he was excluded from driving. We note that the named insured on the policy was Hernandez and that the issuance of a non-owner policy is not violative of Louisiana public policy or law. *Biggs v. Prewitt*, 95-315 (La.App. 1 Cir. 10/6/95), 669 So.2d 441, *writ denied*, 96-1035 (La. 5/31/96), 674 So.2d 264.. This court finds that there are no significant differences in the laws of the two jurisdictions with respect to the validity of the named driver exclusion at issue herein which would affect the outcome of this case. We do recognize that Texas has a legitimate interest in regulating insurance contracts delivered to and insuring activities of Texas residents, but find that the application of Louisiana law in this instance will not abrogate the Texas insurance contract issued in this case in any way.

4

We next address the issue of the validity of the named driver exclusion at issue in this case. In this respect, we first note that the interpretation of an insurance policy is usually a legal question that can be properly resolved by a motion for summary judgment. *Miller v. Superior Shipyard and Fabrication, Inc.*, 01-2907 (La. App. 1 Cir. 08/20/03), 859 So.2d 159, *writ denied*, 03-2643 (La. 12/12/03), 860 So.2d 1159. However, with respect to summary judgments relating to coverage issues, the Louisiana Supreme Court has said that summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Westerfield v. LaFleur*, 493 So.2d 600 (La.1986).

Plaintiffs assert that this exclusion is invalid because it is undated and because it was not signed by Reynoso. Defendants contend that the form does not have to be dated because it specifically states that "This endorsement forms a part of the policy to which attached, effective from its date of issue unless otherwise stated herein." The undisputed material facts are that Hernandez specifically and knowingly excluded Reynoso from coverage under the Progressive policy with herself as the named insured by executing form 515A which was approved and authorized by the Texas Department of Insurance and made a part of the policy issued to her. Hernandez testified that she executed the exclusion in order to receive a reduction in the premium, which she did, in fact, receive. Mr. Reynoso understood that he was excluded from coverage. Thus, we agree with the trial court's finding that there was no misunderstanding as to what the intent was in the execution of this exclusion.

Again, we note that neither the law of Texas nor the law of Louisiana requires that the named driver exclusion be dated. Louisiana law requires that a named driver

5

exclusion must be in writing and signed by the named insured. Louisiana Revised Statute 32:900(L) specifically states that "[i]t shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement." The requirements of Louisiana law are met in this case and it is of no consequence that Reynoso testified that he did not sign the exclusion and that he was not present when Hernandez filled out the named driver exclusion. Texas law requires that the form clearly show the intent of the named insured to exclude a specific driver from coverage, that the form be approved and authorized by the Texas Department of Insurance, and that the form, once executed, be made a part of the policy. All of those requirements have been met in this case as well. We, therefore, conclude that the named driver exclusion at issue herein is valid under both Louisiana and Texas law.

Finding that the exclusion is valid, we must next determine whether it is applicable to the facts of this case. Again, we agree with the trial court's finding that the document itself is the best evidence of its contents and that it shows that there was a clear exclusion of Reynoso from coverage. Reynoso was driving a vehicle which he knew that he was excluded from driving by the policy of insurance covering same. There is no question that the exclusion was executed before the subject accident occurred. Therefore, this exclusion is applicable to the facts of this case.

The final issue is whether there are any genuine issues of material fact precluding summary judgment in favor of Progressive in this instance. We find that there are no such issues. Plaintiffs contend that the parole evidence rule precludes the alteration of a written document by the deposition testimony of Hernandez and Reynoso; however, Plaintiffs go on to assert that Reynoso's testimony that he was not present when the exclusion was executed, that he did not think that Hernandez went to the

6

agency to sign the document, and that he did not sign the exclusion creates a genuine issue of material fact. Since Louisiana law does not require the excluded driver to be a party to the named driver exclusion, we find that this testimony does not create an issue of material fact. Hernandez clearly testified that she executed the exclusion and identified her signature thereon. Therefore, Reynoso's testimony that even though he understood he was excluded from driving the vehicle, he knew nothing about the circumstances under which Hernandez executed said exclusion does not create an issue of material fact. Accordingly, we find summary judgment in favor of Progressive to be appropriate.

## DECREE

For all of the foregoing reasons, we find that the named driver exclusion executed by the named insured, Gladys Hernandez, was valid under both Louisiana and Texas laws. Accordingly, we affirm the trial court's grant of summary judgment in favor of Progressive County Mutual Insurance Company. Costs of this appeal are assessed to Plaintiffs-Appellants, Billie Jean Gilbert and Joseph Gilbert.

**AFFIRMED.**